THE IND. DIST. OF FAIRVIEW v. DURLAND ET AL.

1. **School District:** INDEPENDENT DISTRICT: ABANDONMENT OF ORGANIZATION. An independent district, embracing territory lying within the limits of two district townships, cannot be deprived of its territory save upon the concurrent action of the boards of directors of both the district townships; and when the organization of one of the townships has been abandoned, the territory lying within the limits of the other cannot be restored to it upon a vote to that effect by two thirds of the voters residing within the township.

2. ——: ——: CONSTRUCTION OF STATUTE. Section 1798 of the Code provides for detaching territory only when both townships are organized as district townships, and each is governed by a board of directors whose jurisdiction extends over the entire township.

3. ——: ——: RE-DISTRICTING. Where a district township had been divided into independent districts, a vote of the electors re-districting the township did not have the effect to destroy the legal existence of an independent district lying partly within the township and partly within another, notwithstanding the directors of the latter had ordered the territory belonging to it to be restored.

*Appeal from Keokuk District Court.*

FRIDAY, DECEMBER 8.

SUB-DISTRICT No. 7 of Van Buren township, in said county, was formed under the law existing and in force that now constitutes § 1797 of the Code, and was composed of contiguous territory situate in both Van Buren and German townships.

Such sub-district afterward became the independent district

of Fairview, the plaintiff in this action. At or about the same time all the other sub districts in Van Buren township were formed into or became independent districts, and the district township of Van Buren ceased to exist.

Afterward the district township of German attempted to detach from the plaintiff so much of the territory forming a part of the latter as belonged to and formed a part of said township. Previous to this action by German township, the trustees of Van Buren township, in pursuance of a petition, called an election in said township for the purpose of determining the propriety of changing the boundaries of the independent districts of Van Buren township, and to make the number of such districts one less than had previously existed.

The result of this election, and of the action of the township trustees, is that, if valid and legal, the independent district of Fairview has ceased to exist, and independent district No. 7 is constituted in lieu thereof, which embraces a portion of the territory forming a part of the plaintiff, and certain other territory. Independent district No. 7 lies wholly in Van Buren township.

The effect of the ruling of the District Court was that the action aforesaid did not have the effect to deprive the plaintiff of a legal existence, and the defendants appeal.

*C. M. Brown* and *McJunkin, Henderson & Jones*, for appellants.

*Woodin & McJunkin*, for appellee.

Seevers, Ch. J. — School districts, both independent and township, are creatures of the statute, and may be altered or changed in such manner as the General Assembly may prescribe. If, therefore, statutory authority exists under which the action of the townships of German and Van Buren can be sustained, then the action of the District Court is erroneous; otherwise it is correct.

1. SCHOOL district: independent district: abandonment of organization.

The action of German township, it is claimed, may be sustained under Code, § 1798, which is as follows: " In all cases

where territory has been or may be set into an adjoining county or township for school purposes, such territory may be restored by the concurrence of the respective boards of directors; but on the written application of two-thirds of the electors residing upon the territory within the township in which the school-house is not situated, the said boards shall restore the territory to the district to which it geographically belongs."

It will be seen that territory belonging to one township and attached for school purposes to another may be detached and restored to the township to which it geographically belongs by the concurrence or joint action of the boards of directors of both district townships. There is no pretense that this has been done. In fact it could not be, for the reason there was no such a thing or artificial being as the district township of Van Buren, and consequently there was no board of directors to concur with the German township board.

The school-house is situate on the territory of plaintiff, within the boundaries of Van Buren township, and on the written application of two-thirds of the electors residing in the territory of the plaintiff within German township, the board of directors of German township ordered the territory within the limits of that township to be restored thereto.

Although the latter clause of § 1798 leaves no discretion in the respective boards of directors if two-thirds of the elec-

2. ——: ——: tors residing in the territory in which the school-construction of statute. house is not situated unite in a written application, nevertheless the concurrence of the boards of directors of both townships is required; and this is a reasonable and just requirement so that the board of the township in which the remaining territory is situate may properly provide for and take charge of such territory and the children residing therein.

In other words, § 1798 contemplates and provides for detaching territory in such cases only when both townships are organized as district townships, governed and controlled by a board of directors whose jurisdiction extends over the whole township.

It is urged, however, that the action of the people of Van

Buren township, in the vote held by them re-organizing the independent districts of said township, takes the place of the required action of the board of directors. It is a sufficient reply to this to say that the statute does not so declare. That it might have so provided is certain; but that it does not is just as certain.

*3. ——: ——: re-districting.*

This action is attempted to be sustained under § 1814 of the Code, the object and purpose of which is to enable " township districts to consolidate and organize as independent districts." Admitting that this section applies to townships already organized into independent districts, yet at the time such vote was taken the territory forming a part of plaintiff within the limits of German township still formed a part of the plaintiff, and the people residing therein were not permitted to vote at such election. For the purposes of such election the people residing on said territory were just as much entitled to vote thereat as those residing within the geographical limits of Van Buren township.

The object and purpose of § 1814 is two fold only. 1. To consolidate a district township when it has been divided into sub-districts, and organize the whole township " as an independent district." 2. Where a township has been organized into independent districts, to consolidate the latter "as an independent district" embracing the whole township. The action of Van Buren township by the vote taken and action thereon accomplished neither of these purposes. To consolidate means something more than re-arrange or re-divide. "In a general sense it means to unite into one mass or body, as to consolidate the forces of an army, or various funds. In parliamentary usage, to consolidate two bills is to unite them into one. In law, to consolidate benefices is to combine them into one." Such is Mr. Webster's definition of the word.

For the reasons stated the judgment of the District Court must be

AFFIRMED.