Raby, Appellant, v. Board of Finance and Revenue.

496

Argued November 22, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Lloyd A. Good, Jr.,* with him *Roper & Caldwell,* for appellants.

*Edward Friedman,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Board of Finance and Revenue, appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 2, 1962:

The appellants in this case—Maude E. Raby and William Stuempfig, Trustees, and The Provident Tradesmen Bank and Trust Co., Substituted Co-Trustee under the will of George Stuempfig, deceased—petitioned the Board of Finance and Revenue of the Commonwealth of Pennsylvania for a refund of Realty

Transfer Taxes paid to the Commonwealth through the Recorder of Deeds of Philadelphia County. The Board refused the refund and this appeal followed. The circumstances which gave rise to the litigation are briefly stated.

On March 29, 1956, the Nibur Corporation, a Pennsylvania Corporation, obtained two properties (one located at 164-166 West Chelten Avenue and the other 159 Maplewood Avenue, Philadelphia) through conveyances which reserved in the grantors certain ground rents as security for payment of the balance of the purchase prices involved.

On October 16, 1958, the Nibur Corporation conveyed these properties to the appellants for the sum of $180,000. When the appellants presented their deed for recording in the office of the Recorder of Deeds in Philadelphia, they affixed Pennsylvania Realty Transfer Tax stamps amounting to $1,800, this being one per cent of the purchase price. The Recorder refused to accept the deed unless the appellants affixed an additional $2,550 of stamps, this amounting to one per cent of the redemption value of the two ground rents mentioned.

The appellants purchased the stamps under protest and then filed with the Board of Finance and Revenue, as already stated, a petition for refund of the $2,550, asserting that the imposition of this additional tax violated the Realty Transfer Tax Regulations of September 3, 1957, under the Act of December 27, 1951, P.L. 1742, as amended, which provides in Article III, subparagraph G: ". . . In the case of an assignment of the interest of the tenant or the ground landlord, the tax is based upon the price paid by the respective assignee of such tenant or landlord. . ."

The petitioners asserted further that the Act of December 27, 1951, P.L. 1742, as amended, does not require a tax on the value of ground rents held by

third parties when the tenant transfers his interest in the property subject to ground rents, and that to charge such a tax amounts to double taxation.

Our review here is admittedly restricted to the limits laid down by narrow certiorari since the decision of the Board of Finance and Revenue is made final by The Fiscal Code of 1929 (The Fiscal Code, Sec. 503-(a) (e), supra, 72 PS §503(a)(e)).

The appellants concede that "The merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the Board may have been erroneous," (*Keystone Raceway Corporation v. State Harness Racing Commission,* 405 Pa. 1) but they attempt to climb over the limiting fence of a narrow certiorari by arguing that when the Board refused to make the requested refund it went beyond or fell short of the boundaries of its jurisdiction. They fail in this endeavor because it is evident beyond cavil that the appellants are actually entering into the substantive issues of the litigation rather than discussing the Board's jurisdiction.

In *Dauphin Deposit Trust Co. v. Myers,* 388 Pa. 444, 461, this Court stated: "Jurisdiction relates to the competency of the particular administrative agency or Court 'to determine controversies of the general class to which the case presented for its consideration belonged. . .' "

The appellants may not expand the borders of a narrow certiorari by calling something what it is not. They speak jurisdiction but they argue merits. They assert that the Board should not have refused the demanded refund. They do not question that the Board had the right to pass upon the demand. They only maintain that the Board made a mistake in refusing the refund, but this is arguing with the voice of Jacob on jurisdiction while presenting the substance of the case with the hands of Esau.

Whether or not the Board's judgment was a proper one is not a factor in determining jurisdiction, as is transparently made clear in *White Township School Directors Appeal,* 300 Pa. 422, where we said: ". . . The jurisdictional question of subject-matter does not include a consideration of the record to ascertain whether it took into account any or all of the factors laid down by the act, or failed to consider any other item that may have been helpful, or whether or not the judgment was a proper one; to do so would be to substitute our judgment for that of the court of common pleas, and this the act directs we shall not do. . .."

And then, in the recent case of *Keystone Raceway Corporation v. State Harness Racing Commission,* 405 Pa. 1, the law on this point was summarized as follows: "If an appeal is prohibited by an Act or the decision of the Agency is stated to be final or conclusive the law is well settled that an appeal will lie to the Courts in the nature of a narrow certiorari and this Court will review only (1) the question of jurisdiction; (2) the regularity of the proceedings before the Agency; (3) questions of excess in exercise of powers; and (4) constitutional questions: Cf. DeVito v. Civil Service Commission, 404 Pa. 354, 172 A. 2d 161 (and cases cited therein); Dauphin Deposit Trust Company v. Myers, 401 Pa. 230, 164 A. 2d 86."

In the case at bar no attack is made on the regularity of the proceedings nor is it charged that the Board exceeded its powers. Certainly no constitutional question is involved.

The appellants have built around their main contention a scaffolding of technical and procedural argument, by citing The Fiscal Code, statutes and Department regulations, but through this latticework of formalistic argumentation one easily sees the backbone of the appellants' claim, namely, that the Board erred in deciding that **ground rents** were taxable in the trans-

action under consideration. But, as said in the *Addison Case*, 385 Pa. 48, 58, "'. . . where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous.'"

Appeal dismissed.

Justice ALPERN took no part in the consideration or decision of this case.