## Harrison Township Case.

Argued April 29, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Cyril C. Vidra,* for appellant.

*Maurice H. Goldstein,* for appellees.

OPINION BY MR. JUSTICE EAGEN, June 4, 1963:

Acting in accordance with the provisions of the Act of June 24, 1931, P. L. 1206, §401, as amended, 53 P.S. §55401, more than one hundred freeholders and resi-

dents of Harrison Township, a first class township in Allegheny County, petitioned the court of quarter sessions for a redivision of the wards thereof. Commissioners were appointed and several reports filed. Various exceptions thereto were acted upon by the court and from the final order entered in the proceedings, this appeal ensued.

The statute, §403 of the Act of June 24, 1931, supra, as amended, 53 P.S. §55403, specifically provides that from such decree there shall be no appeal, hence our inquiry and review is limited to the questions of jurisdiction, the regularity of the proceedings, and whether or not the court below acted within the scope of its powers: *Scott Twp. Appeal,* 388 Pa. 539, 130 A. 2d 695 (1957). The merits of the controversy and the interpretation given to the facts or the law by the court below may not be reviewed: *Raby v. Board of Finance and Revenue,* 405 Pa. 495, 176 A. 2d 661 (1962).

The jurisdiction of the court and the regularity of the proceedings are not questioned. The attack on appeal is limited to the assertion that the court exceeded its statutory powers.

Section 401 of the Act of 1931, supra, provides in part: "The court of quarter sessions, upon petition, may divide or redivide any township . . . into wards, erect any wards out of two or more adjoining wards, or parts thereof, divide any wards already erected into two or more wards, or alter the lines or boundaries of any two or more adjoining wards, and may cause lines or boundaries of wards to be fixed and established."

In *Scott Twp. Appeal,* supra, this Court ruled that the statute does not give the court of quarter sessions the power to *abolish* a ward (containing three hundred and fifty electors or more) even though the abolishment be accomplished by a consolidation, and that such action would be contrary to Section 401 of the act. It is asserted herein that *Scott* is controlling because the

court, in the instant case, abolished two wards by consolidating" them into a new proposed ward. We do. not so interpret the court's action. *Scott* is materially distinguishable.

Harrison Township before the present proceeding consisted of five wards. Under the court's order, it will still consist of five wards. There is no reduction in number. More significantly, no wards were abolished, eliminated, or in fact consolidated. They were merely rearranged or redivided. The geographical boundaries were realigned. This the court below clearly had power to do. There is a difference between "consolidation" and "redivision" or "rearrangement." See, *Independent District of Fairview v. Durland*, 45 Iowa 53 (1876).

The second question presented by this appeal is more difficult. As noted, supra, the township previously consisted of and will now comprise five wards. By virtue of §504 of the Act of 1931, supra, as amended, 53 P.S. §55504, one commissioner is elected from each ward and is required to reside in the ward he represents. Section 504 specifically directs that the commissioners from the odd-numbered wards shall be elected in a different year than that in which the commissioners from the even-numbered wards are elected. The term is fixed at four years.

The status of the commissioners for wards one, three and five expire in January 1964, and remain unaffected by this proceeding. Likewise, the status of the commissioner for ward two is not disturbed since he continues to live in the same ward under the new arrangement. However, the commissioner now serving in the fourth ward will reside in the first ward under the new geographical set-up. His tenure of office expires on the first Monday of January 1965, and cannot be ended or reduced by any directive in this proceeding. In order to give the newly proposed fourth ward repre-

sentation by an individual actually residing therein, and to retain the harmonious schedule of commissioner elections provided for by the statute, the court below directed that a commissioner be elected this year from the fourth ward for a two-year term. Appellant contends that this exceeded the statutory authority. We must agree.

A careful reading of the statute discloses that it vests no authority in the court to order an election of a commissioner for a two-year term, except in the instances wherein: (1) a township is first divided into wards (Act of June 24, 1931, supra, §407, 53 P.S. §55407); (2) a new ward is created and the township previously had less than five wards. (See, §408, as amended, 53 P.S. §55408). The provisions are not pertinent to the situation with which we are herein concerned. If a vacancy exists the power of appointment first vests in the Board of Commissioners. See, Act of June 24, 1931, supra, §530, as amended, 53 P.S. §55530.

As modified, the order below is affirmed.