**HUMPHREYS COUNTY BOARD OF EDUCATION, Plaintiff-Appellee,**

v.

**Gloria C. LOGAN, Superintendent of Schools for Humphreys County, Tennessee, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Aug. 13, 1981.

Permission to Appeal Denied by Supreme Court Oct. 13, 1981.

Mark A. Schneider, J. P. Bradley, Galbreath, Schneider, Bell & Bradley, P. C., Nashville, for plaintiff-appellee.

W. Henry Haile, Nashville, for defendant-appellant.

Allen W. Wallace, Waverly, for county judge and county commissioners-intervenors.

C. Hayes Cooney, Nashville, for applicants for intervention-appellants.

Larry D. Craig, Philip M. Carden, Nashville, for applicants for intervention.

## OPINION

LEWIS, Judge.

Plaintiff and appellee Humphreys County Board of Education (Board), on September 11, 1980, filed suit against defendant and appellant Gloria C. Logan, Superintendent of Schools for Humphreys County, Tennessee, and alleged that she had unlawfully failed to execute the Board's decision of September 2, 1980, to transfer certain teachers and equipment from Waverly Central High School to McEwen High School. Appellant counterclaimed and sought a declaratory judgment that the Board's action was an attempt to re-open McEwen High School and was unlawful because no advance permission for re-opening the school had been granted by the Commissioner of Education for the State of Tennessee and the State Board of Education as is required by T.C.A. § 49–1105. Appellant also sought a declaratory judgment that the Board's resolution to transfer five teachers from Waverly Central High School, without her concurrence, after the beginning of the school year violated T.C.A. § 49–1411 and, also, violated the Board's own written rules and was arbitrary and capricious because of the inevitable damage to the educational program at Waverly Central High School which would result from the transfer of the teachers.

An evidentiary hearing was held before the Chancellor on September 16, 1980, in which the facts were stipulated. After the hearing, the Chancellor issued a "Restraining Order" requiring appellant to execute the Board's transfer order and also denied appellant's application for a stay and her motion for an interlocutory appeal.

On November 6, 1980, the Board moved for summary judgment. The summary judgment motion relied only on the pleadings and the evidence previously filed. Appellant then filed a motion for summary judgment, relying upon the pleadings and the same evidence. A hearing was subsequently set for December 12 and, at that time, the Board moved for permission to withdraw its motion for summary judgment and requested more time to respond to appellant's motion for summary judgment. The Chancellor granted the Board's request, deferred action on appellant's motion for summary judgment, and granted the Board until January 8, 1981, to file additional affidavits or depositions. No additional affidavits or depositions were filed.

On January 28, oral argument was had on the motion for summary judgment and on February 16, 1981, a final decree was entered, dismissing appellant's counterclaim and holding, *inter alia*:

The opening of McEwen High School was not the creation of a new high school and the previous order of this Court that McEwen High School not be closed is in effect;

The transfer of teachers by the Humphreys County Board of Education contrary to the desires of Defendant, Logan, is not a violation of T.C.A. 49–1411.

The pertinent facts were stipulated and are as follows:

## STIPULATION

For the purposes of the pending action only, the parties stipulate the truth of the following matters:

1. The Humphreys County Board of Education voted 5–2 on July 15, 1980 to consolidate, McEwen High School and Waverly Central High School. This decision was reaffirmed on August 18, 1980 by a 4–3 vote of the Board.

2. On August 19, 1980 (before the schools opened on August 25, 1980) the Chancery Court at Waverly entered a final judgment in *Hatcher v. Logan*, Humphreys Chancery No. 18–189, incorporated in this stipulation by reference in its entirety, which, among other things, prohibited the consolidation of McEwen High School with Waverly Central High School for the duration of the 1980–81 school year. Subsequently, on August 22, 1980, the portion of the final judgment dealing with the consolidation of McEwen High School was stayed by the Court of Appeals at Nashville pending appeal, as more fully and accurately shown in said order of the Court of Appeals which is fully incorporated herein by reference.

3. After July 15, 1980 no teachers were assigned to teach in grades 10–12 at McEwen High School before September 2, 1980. Before school started on August 25, 1980, most of the teachers who had formerly taught in grades 10–12 at McEwen High School were assigned to Waverly Central High School. During this period students formerly assigned to McEwen High School were assigned to Waverly Central High School.

4. Students and parents and other patrons of McEwen School boycotted grades K–9 at McEwen School and grades 10–12 at Waverly Central High School from the first day of school, August 25, 1980, through September 2, 1980. The boycott was highly effective, and only a few students in grades K–9 attended McEwen School during this period. Only a few students from the McEwen area reported for classes at Waverly Central High School.

5. On September 1, 1980, a new board member, Richard Garber, took office replacing outgoing board member Ben Knight. A special called meeting of the Humphreys County Board of Education was held in the evening of September 2, 1980 and the board voted 4–3 to expand grades 7, 8 and 9 at McEwen High School to include 10, 11 and 12 previously transferred to Waverly Central High School and to dismiss its appeal in *Hatcher v.*

*Logan*, all as more fully set out in the minutes of said board meeting of September 2, 1980, which are incorporated in this stipulation by reference.

6. At the September 2, 1980 board meeting, the board resolved to transfer five named teachers from Waverly Central High School to McEwen High School. The superintendent refused to concur in this action and subsequently ordered the teachers to remain at their posts at Waverly Central High School. They complied with her order and have continued to perform their duties at Waverly Central High School, with the result that there are no teachers to staff grades 10–12 at McEwen High School prior to September 15, 1980. The majority has still not reported to McEwen High School.

7. On the morning of September 3, 1980, the vast majority of McEwen area students in grades 10–12 reported for school at McEwen High School. There were no teachers there to serve them, but many of them continued to report to school there in the days that followed. On orders of the superintendent, buses were supplied to transport them to Waverly Central High School, but all or nearly all of the students refused to board the buses.

8. The trial court dismissed the appeal in *Hatcher v. Logan* on September 12, 1980. The order of September 12, 1980 is incorporated herein by reference.

9. There has never been as many as 300 students in average daily attendance in grades 9–12 at McEwen High School.

10. Humphreys County Board of Education as presently constituted did not consider it necessary to seek approval from State Commissioner of Education or the State Board of Education under T.C.A. 49–1105 for the operation of McEwen High School and did not do so.

Appellant's first issue is as follows:

Whether the Humphreys County Board of Education was required to secure the advance permission of the State Commissioner of Education and the State Board of Education under T.C.A. § 49–1105 be-

fore it could lawfully reopen a high school with less than three hundred students which had previously been consolidated by Board resolution with the only other senior high school in the County.

T.C.A. § 49–1105[1] is clear. "No senior high school shall be established and maintained with fewer than three hundred (300) pupils in average daily attendance" unless there are "unusual circumstances" and then only with prior approval "by the state commissioner of education and the state board of education . . . ."

While it is stipulated that McEwen High School does not have and has never had three hundred pupils in average daily attendance, and that no prior approval was sought or given by the Commissioner of Education and the State Board of Education, the Board contends that it was unnecessary since the senior high school at McEwen was never closed and therefore § 49–1105 is not applicable.

On July 15, 1980, on recommendation of Gloria C. Logan, Superintendent of Schools, the Humphreys County Board of Education consolidated the 10th, 11th, and 12th grades of McEwen High School with the same grades of Waverly Central High School and transferred the students in said grades from McEwen High to Waverly High.

*Robert Hatcher, et al. v. Gloria C. Logan, et al.*, p. 1 (Tenn.App. Middle Section at Nashville, filed February 4, 1981). The vote to consolidate on July 15, 1980, was 5–2. The decision of the Board was reaffirmed on August 18, 1980, by a vote of 4–3.

Did the Board by its decision to consolidate McEwen High with Waverly Central High effectively close McEwen High so that it was necessary to obtain approval of the State Commissioner of Education and the State Board of Education to reopen?

T.C.A. § 49–1103 defines a senior high school as "schools in which are taught any combination of grades corresponding to grade nine (9) through grade twelve (12); however, the school must include grade twelve (12)."

"Consolidate" is defined as follows:

In a general sense, to unite into one mass or body, as to consolidate the forces of an army, or various funds. In parliamentary usage, to consolidate two bills is to unit them into one. In law, to consolidate benefices is to combine them into one. The term means something more than to rearrange or redivide. *Fairview v. Durland*, 45 Iowa 56.

*Black's Law Dictionary* 381 (Rev. 4th ed. 1968).

1. To make firm or coherent; form into a compact mass; solidify.

2. To make internally strong or stable; strengthen; consolidate an empire.

. . . .

4. To unite into one system or body; to combine; merge.

1. Senior high school in county required—Number of pupils required for additional schools.—There shall be maintained in each county of the state one (1) senior high school, which shall give at least one full course of study approved by the state board of education. Local boards of education may establish additional high schools. No junior high school shall be established and maintained with fewer than one hundred (100) pupils in average daily attendance. No senior high school shall be established and maintained with fewer than three hundred (300) pupils in average daily attendance; provided that any senior high school in a state of transition may be initially established with fewer than three hundred (300) pupils in average daily attendance, provided that as soon as the period of transition has been completed that such senior high school shall not have fewer than three hundred (300) pupils in average daily attendance; provided further that nothing in this chapter shall prohibit the consolidation of any two (2) or more high schools now established, into one (1) high school, even though the combined average daily attendance of the pupils in such consolidated high school is less than that required in this chapter; and provided that nothing in this chapter shall be construed as abolishing any high school now established. It is further provided that local boards of education may, in unusual circumstances, establish and maintain high schools with fewer pupils in average daily attendance than is prescribed herein; provided that prior approval for such is granted by the state commissioner of education and the state board of education upon request of the respective local board of education. It is also further provided that local boards of education shall designate the schools which the pupils shall attend.

5. To become solidified or united.

*American Heritage Dictionary, New College Edition,* 285 (1976).

■ When grades 10, 11, and 12 were transferred from McEwen High and combined with Waverly High, they were united into one system. In order to continue to have a senior high school at McEwen, there must have been a twelfth (12th) grade. T.C.A. § 49–1103. Upon consolidation, the senior high school at McEwen merged with Waverly Central High and ceased to exist. While there continued to be an elementary school[2] and a junior high school[3] at McEwen, the students and teachers in grades 10, 11 and 12 were, by the action of the Board, transferred to Waverly; and while the building and other facilities previously used by the senior high school remained, the senior high school at McEwen did not.

The minutes of the meeting of September 2, 1980 of the Board are, in part, as follows:

Mr. Long made a motion that this board expand grades 7, 8 and 9 at McEwen High School to include 10, 11 and 12 previously transferred to Waverly. The motion was seconded by Mr. Kimmons. Much discussion followed.

The motion carried 4–3.

THe motion passed by the Board was to "expand grades 7, 8 and 9 at McEwen High School to include 10, 11 and 12 previously transferred to Waverly." It can be seen from its action that the Board recognized that McEwen had been closed.

The Board is not precluded from establishing and maintaining a senior high school at McEwen. However, since there would be fewer than three hundred (300) pupils in average daily attendance, the Board must, before establishing a senior high school, have prior approval from the State Commissioner of Education and the State Board of Education and there must be "unusual circumstances." T.C.A. § 49–1105.

■ There were not on September 2, 1980, nor have there ever been, more than three hundred students in average daily attendance at McEwen High School. The Board did not seek, nor was it granted, permission by the State Commissioner of Education and the State Board of Education to establish and maintain a senior high school at McEwen. The action of the Board on September 2, 1980, in attempting to establish and maintain a senior high school at McEwen, was in violation of T.C.A. § 49–1105.

■ Appellant's second issue is: Whether the Humphreys County Board of Education is prohibited by T.C.A. § 49–1411 from transferring teachers from one school to another over the objection of the Superintendent of Schools.

T.C.A. § 49–1411 provides as follows:

Transfers within system.—The superintendent, with the approval of the board, when necessary to the efficient operation of the school system, may transfer a "teacher" from one location to another within the school system, or from one type of work to another for which he is qualified and certificated. Such a transfer can be made only by the concurrent action of the superintendent and the board.

The argument of the Board that § 49–1411 should be as limited as possible in its application because of the inherent potential for creating an impasse is persuasive. However, § 49–1411 was comprehensively discussed and the case law surrounding it reviewed by Justice Harbison in *McKenna v. Sumner County Board of Education,* 574 S.W.2d 527 (Tenn.1978), and the Court con-

2. T.C.A. § 49–1002. "Elementary schools" and "middle schools" defined.—Elementary schools are defined as schools serving any combination of grades kindergarten through eight (8). Middle schools are elementary schools designed to serve grades five (5) through eight (8) only, or any combination thereof. This language shall not be construed to make kindergarten a mandatory program.

3. T.C.A. § 49–1102. "Junior high schools" defined.—Junior high schools are defined as schools in which are taught any combination of grades corresponding to grade seven (7) through grade ten (10); however, the school must include grade nine (9).

cluded that "the transfer of a tenured employee must be made with the concurrence of the superintendent of schools and the Board of Education." *Id.* at 533–34.

The Board argues that § 49–1411 was intended only for the protection of teachers and gives the superintendent the right to veto a transfer only to protect a teacher.

 We are of the opinion that a careful reading of § 49–1411 does not lend itself to that interpretation. Teachers may be transferred "when necessary to the efficient operation of the school system." We are further of the opinion that the language of *McKenna v. Sumner County Board of Education, supra,* does not lend itself to the kind of limitation desired by the Board. We are of the opinion that the Superintendent could not arbitrarily withhold concurrence if it is "necessary to the efficient operation of the school system" to transfer "teachers" but here, there has been no allegation and certainly no showing that the Superintendent has arbitrarily withheld her concurrence.

While ordinarily the school board "is the supreme authority in school matters within the county," and "the Superintendent of Schools is subservient to the Board," T.C.A. § 49–1411 is an exception to this principle. *Howard v. Bogart,* 575 S.W.2d 281, 283 n. 1 (Tenn.1979).

Appellant's first and second issues are sustained.

In view of our holding, we pretermit appellant's third issue.

The judgment of the Chancellor is reversed and the cause remanded to the Chancery Court for Humphreys County for any further necessary proceedings. Costs are taxed to the Board.

TODD, P. J. (M. S.) and CONNER, J., concur.