## Focht's Appeal.
## Eighteenth Congressional District Nomination.

*Election law—Primary election—Qualification of voters—Throwing out entire poll.*

1. Neither the county commissioners, nor the court on appeal from their decision, have any right to inquire as to the qualification of electors who voted at a primary election.

2. Where it is possible to determine how the electors voted, it is always improper to throw out the entire poll of an election district because some of them were not qualified electors.

Argued October 4, 1922. Appeal, No. 76, Jan. T., 1923, by Benjamin K. Focht, from order of C. P. Snyder Co., June T. 1922, No. 131, dismissing appeal in the matter of Republican nomination for Congress in the Eighteenth Congressional District. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeal dismissed.

Appeal from county return board of Snyder County.

The opinion of the Supreme Court states the facts.

Appeal dismissed. Benjamin K. Focht, petitioner, appealed.

*Error assigned* was order, quoting it.

*J. Fred Schaffer,* with him *A. F. Gilbert,* for appellant, cited: Pfaff v. Bacon, 249 Pa. 297; Foy's Election, 228 Pa. 14; Krickbaum's Election, 221 Pa. 521; Phillips's App., 262 Pa. 296; Wheelock's Election, 82 Pa. 297.

*Charles P. Ulrich* and *W. M. Henderson,* with them *H. M. Showalter,* for appellee, cited: Weaver v. Gisen, 6 Phila. 65; Twenty-eighth Congressional District Nomination, 268 Pa. 313.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

Upon the computation of the votes cast at the primary election held May 16, 1922, it was ascertained (so we are told, though this record does not disclose the fact), that Edward M. Beers had a majority of twenty-four votes for the Republican nomination for Congress in the Eighteenth Congressional District of this State. Benjamin K. Focht, the next highest candidate, thereupon appealed to the court below, as he was authorized to do by the Act of May 25, 1921, P. L. 1125, amending the Act of June 9, 1919, P. L. 852, averring that, in one of the election districts "twenty and more" votes had been cast by persons who were not entitled to vote at the election, despite which fact the return board intended to certify the count as returned by the election officers. He therefore asked "relief at the hands of the court by this, his appeal, from the decision of the return board"; but what character of relief he desired was not stated.

The court below opened the ballot box and recounted the ballots therein, thereby settling the fact that the count and return of votes was correct, but stating in its

opinion that as "to twenty-nine [of those] votes......
strong suspicion attaches......as to their legality."
No investigation was made, or asked to be made, how-
ever, to determine for whom, if at all, these electors
voted for the nomination for Congress; nor was the
court requested to even determine their right to vote, on
the contrary this was expressly disavowed. Appellant
did move, however, that the "entire poll [of that election
district, so far as relates to the] candidates for the Re-
publican nomination for Congress......be thrown out
and no votes counted therein for either" candidate. This
was refused; and from the decree of dismissal which fol-
lowed, Mr. Focht prosecutes the present appeal.

It must be clear beyond controversy, that this con-
clusion was correct. In Twenty-eighth Congressional
District Nomination, 268 Pa. 320 (a proceeding under
the Act of 1919, which, in respect to the present question,
is exactly the same as the Act of 1921), we said that "the
alleged mistakes of the election officers in allowing cer-
tain electors to vote for this office, were [not] matters
within the purview of the court computing the vote and
certifying the return; but were solely subjects for a
contest as theretofore they had been in general elections,"
though, as we pointed out in that case, the legislature
had not up to that time (and since has not) provided for
a contest in the case of congressional nominations. The
conclusion there reached is alone sufficient to determine
the present controversy; but, in addition thereto, the
appeal to the court below was properly dismissed for the
further reason that to disfranchise all of the one hundred
and sixty-five electors, who voted in that election district
for the proposed nominees for this office, although none
of them was shown to have been disqualified, would have
been a gross error (Fish's Election, 273 Pa. 410); such
action would not have been justified even if it had ap-
peared that the twenty-nine suspicious votes had all been
cast for one or another of the candidates; non constat
but that all of them voted for appellee; if three or

more did, then, so far as this record discloses, appellee was duly nominated.

For the reasons stated, we dismissed this appeal on October 9th last, before opinion filed, because of the necessity for promptly printing the ballots for the then ensuing election.