## Republican Primaries, 2nd Precinct, 7th Ward, Harrisburg.

*Election law—Primary election—Recount—Fraud or error—Affidavit of electors—Sufficiency—Acts of July 12, 1913, July 9, 1919, and May 25, 1921.*

1. Upon an application by electors, setting forth that, upon information which they consider reliable, they believe an act of fraud or error, although not manifest upon the general return of votes, has been committed, the Act of July 12, 1913, P. L. 719, as amended by the Act of July 9, 1919, P. L. 839, provided that "the return-board *shall*" open the ballot-box and cause the entire vote to be recounted.

2. The Act of May 25, 1921, P. L. 1125, amending the Acts of July 12, 1913, and July 9, 1919, provides that upon such application the Court of Common Pleas *may* cause the entire vote to be recounted.

3. Where an application under the Act of May 25, 1921, does not set forth what particular act of fraud or error was committed, or how it would affect the final result, or that a recount would change the result as returned by the election officers, and where the affidavit in support of the application does not set forth that the electors believe an act of fraud or error has been committed, the Court of Common Pleas may refuse the petition on the ground that the application does not sufficiently establish the jurisdiction of the court to grant the same.

Application to open ballot-box and recount vote. C. P. Dauphin Co.

*J. Douglas M. Royal* and *Harry B. Saussaman,* for petitioner.

*John R. Geyer,* contra.

WICKERSHAM, J., Sept. 29, 1923.—The petition of Henry Smith, Harry C. Winger and William Place sets forth that they are qualified electors of the 2nd Precinct of the 7th Ward of the City of Harrisburg; that at a primary election, held in said precinct on Sept. 18, 1923, Dewitt A. Fry and J. William Bayles, with others, were candidates for the Republican nomination for City Controller of the City of Harrisburg; and "that upon information that we consider reliable, we believe that an act of fraud or error, although not manifest upon the general return made therefrom, has been committed."

The petitioners pray that "the ballot-box in said precinct be opened and that the entire vote cast for city controller in the Republican primary be recounted, and if any fraud or error be found, that said vote shall be correctly computed and certified, and correct any errors made in the papers being prepared by the return-board accordingly."

The affidavit in the petition is as follows: The three petitioners being duly sworn according to law, "depose and say that the statements made in the foregoing petition are true and correct to the best of their knowledge and belief."

The petition follows the language of section 15 of the Act of July 12, 1913, P. L. 719, as amended by the Act of July 9, 1919, P. L. 839, which provides: "Upon the sworn affidavit of three qualified electors of any election precinct, . . . upon information which they consider reliable, they believe an act of fraud or error, although not manifest upon the general return of votes made therefrom, has been committed therein, the return-board shall, at any time prior to the completion of the computation and canvass of all the returns for

Republican Primaries, 2nd Precinct, 7th Ward, Harrisburg.

the county, open the ballot-box of such election district and cause the entire vote thereof to be recounted in manner aforesaid. . . ."

The only effect of this statute is to *certainly* authorize a recount of the ballots cast at primary elections upon proper cause being shown, even though the returns were in all respects regular and consistent: In re 28th Congressional District Nomination, 268 Pa. 313-319.

An examination of the amended section 15, as found in the Pamphlet Laws of 1919, shows that this section deals with two well known matters in regard to general elections: (1) The computation and certification of the votes as returned; and (2) an election contest after the computation of the returns has been concluded and the result announced: In re 28th Congressional District Nomination, 268 Pa. 313-319. With the latter provision of the act we have at this time nothing to do. Neither the county commissioners nor the court, on appeal from their decision, have any right to inquire as to the qualification of the electors who voted at a primary election: Focht's Appeal, 275 Pa. 449.

In 1921 the said section 15 was again amended, in what we regard to be a very material manner, for that, whereas the Act of 1919 provided that the ballot-box *shall* be opened upon the sworn affidavit of three qualified electors, the Act of May 25, 1921, P. L. 1125-1129, provides that "upon *petition and* the sworn affidavit of three qualified electors of any election precinct . . . *the Court of Common Pleas may*," at any time prior to the completion of the computation, cause the entire vote thereof to be recounted. The evident purpose of this amended legislation was to vest in the Court of Common Pleas a discretion as to its action in the pending matter.

It is not alleged in the petition, nor have we been advised by counsel at the argument of this case, what particular act of fraud or error was committed in holding the election in the 2nd Precinct of the 7th Ward, or how it would affect the final result in the computation of the votes now being conducted by the return-board; nor is it alleged that a recount of said votes cast in said precinct would change the result as it appears in the return of the election officers: Somerset Primary Election, 26 Dist. R. 519-523. The return-board is without jurisdiction to determine the qualification of voters or to exclude a poll because of defects in the election machinery; these, and all other matters not relating to the computation of votes actually cast, are to be decided by contests which shall originate, and be conducted as in cases of general elections: In re 28th Congressional District Nomination, 268 Pa. 313-319.

We think, therefore, that the petition is defective, in that it does not enlighten the court as to the particular act of fraud or error committed in holding the election in this election precinct. Without this knowledge we are unable to determine whether we can entertain jurisdiction and make the order for which the petitioners prayed.

It is also to be noted that under the provision of the Act of May 25, 1921, P. L. 1129, the claimants must present their claims upon *petition and* the sworn affidavit of three qualified electors. We apprehend the meaning of this provision of the act to be that the petitioners must not only swear, as they have done, that the facts set forth in the petition are true and correct, but they must also make affidavit that, "upon information which they consider reliable, they believe an act of fraud or error, although not manifest upon the general return of votes made therefrom, has been committed therein."

For the reasons above stated, we are not able to decide that we have jurisdiction to grant the prayer of the petitioners, and the prayer of said petition is, therefore, refused.

From Sidney E. Friedman, Harrisburg, Pa.