## Meell Appeal.

Argued October 3, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Charles J. Hepburn, Jr.,* for appellant.

*John W. Wellman,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 10, 1961:

The appellant, Arthur W. Meell and Helen W. Maxwell were candidates in the May 16, 1961, primary election for the Republican nomination for the office of tax collector in the Borough of Ridley Park, Delaware County, Pennsylvania.

Meell appeared before the county board of elections and challenged the validity of certain absentee ballots wherein a vote was cast for candidate Maxwell. The board overruled the challenges. An appeal from that decision to the court of common pleas was dismissed. A motion for a rehearing was denied. An appeal to this Court followed.

The appeal from the order of the election board to the court of common pleas was pursuant to the provisions of the Act of June 3, 1937, P. L. 1333, §1407, 25 PS §3157. This statute provides, "No appeal shall be allowed or granted from any order or decree of the court of common pleas made in pursuance of this section."

The scope of review, therefore, in this Court is in the nature of narrow certiorari and the inquiry is limited to a determination of whether or not the court

had jurisdiction; whether or not the proceedings were regular; whether or not the court exceeded its power and authority; and, whether or not there was a violation of constitutional rights. The question of the validity of ballots involved is not for us to say: *DeVito v. Civil Service Commission*, 404 Pa. 354, 172 A. 2d 161 (1961); *Dauphin Deposit Trust Company v. Myers*, 388 Pa. 444, 460, 130 A. 2d 686 (1957); *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731 (1959); *Chase Appeal*, 389 Pa. 538, 133 A. 2d 824 (1957); and *Focht's Appeal*, 275 Pa. 449, 119 Atl. 494 (1923).

The lower court undoubtedly had jurisdiction, no irregularities appear in the record of the proceedings, the court did not exceed its authority and there was no violation of constitutional rights.

Order affirmed. Costs to be paid by appellant.

———

CONCURRING OPINION BY MR. JUSTICE MUSMANNO:

I concur in the result announced by the majority of the Court. However, I desire to make this observation. Since elections go to the very heart of our system of democracy, I would not limit the scope of review of this Court in election contests, no matter what might be the nature of the controversy involved.