## Badali, Appellant, *v.* Hartman.

Argued March 26, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Roslyn M. Litman,* with her *Gilbert S. Solomon,*
*Maurice M. Braunstein,* and *Litman & Litman,* for ap-
pellant.

*Robert S. Grigsby,* with him *Pringle, Bredin & Mar-
tin,* for appellee.

OPINION PER CURIAM, April 26, 1963:

A writ of certiorari was issued by the Court of Com-
mon Pleas of Allegheny County to review the action
of an alderman. The lower court reversed the action
of the alderman and we issued a certiorari to review
its decision.

Where a statute expressly denies the right of ap-
peal, or provides that the action of the court below
shall be final, then review may be had only by the Su-
preme Court by means of narrow certiorari. Under
narrow certiorari our scope of review is limited to a
determination of whether the court had jurisdiction;
whether the proceedings were regular; whether the
court exceeded its power and authority; and, whether

654

there was a violation of constitutional rights. *Meell Appeal,* 405 Pa. 184, 174 A. 2d 110 (1961); *DeVito v. Civil Service Commission,* 404 Pa. 354, 172 A. 2d 161 (1961).

Proceedings in the court of common pleas by writ of certiorari are governed by the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §22, 42 P.S. §957, which provides that "the judgment of the court of common pleas shall be final . . . and no writ of error should issue thereon." See *Palmer v. Lacock,* 107 Pa. 346 (1844). Since the instant case is one of narrow certiorari, our scope of review is confined to the questions set forth above. On examining the record, we find no irregularities in the proceedings, no lack of jurisdiction, no violation of constitutional rights, nor any exercise of power in excess of authority. We emphasize, however, that this opinion expresses no judgment as to the merits, or upon the effect of this case upon related litigation.

Order affirmed.