Graybill & Bushong, Inc., Appellant, *v.* Board
of Finance and Revenue.

Argued November 22, 1963.   Before BELL, C. J.,
MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*Howell C. Mette,* with him *Frank A. Sinon,* and *Rhoads, Sinon & Reader,* for appellant.

*Edward T. Baker,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Board of Finance and Revenue, appellee.

OPINION BY MR. JUSTICE COHEN, March 17, 1964:

Graybill & Bushong, Inc. (appellant) is in the business of producing and selling animal and poultry feed. In connection with its activities it paid sales and use tax to its suppliers of electric service and machinery until August 23, 1961, when the Governor approved Act 491, P. L. 1092, of the 1961 Session of the General Assembly. Under this Act there was excluded from tax items used in processing operations, and "processing" was defined to include "the preparation of animal feed or poultry feed for sale." Furthermore, the exclusion was made retroactive to March 7, 1956.

Having paid tax prior to passage of this Act, appellant was limited to requesting refunds in order to benefit from the retroactive feature. Therefore, on September 15, 1961, it filed with the Board of Finance and Revenue a petition for refund of sales and use tax

totaling $3,179.82, part of the amount it had paid during the preceding two years. The petition was filed pursuant to §503 of The Fiscal Code which imposed a general two year limitation on refunds.

The Board of Finance and Revenue, on May 4, 1962, refused appellant's petition on the ground that the Board lacked jurisdiction to entertain it. The order of refusal stated that appellant had not met the requirements of §553 of the Selective Sales and Use Tax Act of 1956, P. L. (1955) 1228, as amended, 72 P.S. §3403-553, which limited refunds of sales and use taxes to amounts paid within eighteen months of the date of filing a refund petition and requires the petition for refund to be filed with the Department of Revenue. Obviously, it was the board's view that this specific refund provision superseded the general refund provisions of The Fiscal Code with regard to sales and use taxes both as to limitation and procedure.

Appellant then filed a complaint in mandamus against the board asking that the court command the board to entertain its petition for refund. After the board filed preliminary objections, the Court of Common Pleas of Dauphin County decided that §553 of the Selective Sales and Use Tax Act had superseded §503 of The Fiscal Code in this respect and dismissed the complaint. This appeal followed.

Initially, the board argues that appellant has followed the wrong remedy. Its position is based on §503(e) of The Fiscal Code which states that the action of the board on all petitions for refund shall be final. Accordingly, says the board, the only review of its actions on refund petitions is by appeal on narrow certiorari directly to this Court.

It is well established in this Commonwealth that where a statute provides that the action of an administrative agency is final, the only review therefrom is to this Court in the nature of a narrow certiorari. *Kauf-*

*man Construction Co. v. Holcomb,* 357 Pa. 514, 55 A. 2d 534 (1947); *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959); *Keystone Raceway Corporation v. State Harness Racing Commission,* 405 Pa. 1, 173 A. 2d 97 (1961). This rule has been applied to action by the Board of Finance and Revenue in refusing a petition for refund of tax. *Raby v. Board of Finance and Revenue,* 405 Pa. 495, 176 A. 2d 661 (1962). In other contexts this rule and remedy has been termed "exclusive." *Highway Paving Company v. Board of Arbitration of Claims,* 407 Pa. 528, 180 A. 2d 896 (1962); *Badali v. Hartman,* 410 Pa. 652, 190 A. 2d 301 (1963). On the basis of these decisions the board now contests appellant's right to proceed by mandamus.

The issue is complicated because there exists a history of review by mandamus of the board's decisions on refund petitions. Its genesis is *Hotel Casey v. Ross,* 343 Pa. 573, 23 A. 2d 737 (1942); and the procedure was used as recently as *Land Holding Corporation v. Board of Finance and Revenue,* 388 Pa. 61, 130 A. 2d 700 (1957). It remains a persistent, albeit irregular, factor in the consideration of refund claims. See *The Monongahela Connecting Railroad Company v. Board of Finance and Revenue,* 80 Dauph. 326 (1963).

Continued adherence to this dual system of review serves no useful purpose and contributes only an element of confusion to our appellate procedures. Considering the careful study given in recent years to the procedure of appeal in the nature of certiorari, study not available when the *Hotel Casey* case was decided, it is our present opinion that review of the action of the Board of Finance and Revenue in considering a petition for refund of tax under §503 of The Fiscal Code is available only by appeal to this Court in the nature of a narrow certiorari and that henceforth mandamus shall not be available as a remedy in such a case. Since the appeal to us permits review of juris-

dictional questions, inter alia, we would be able to consider an issue like the one presented now.[1]

Because of the confusion in past practice, however, it is manifestly unjust to dismiss appellant's appeal because it pursued its position by mandamus rather than direct appeal. See *Y.M.C.A. v. Reading,* 402 Pa. 592, 167 A. 2d 469 (1961). Therefore, we shall proceed to determine the question of whether the board has jurisdiction to entertain a petition for refund of sales and use tax filed more than eighteen months but less than two years after payment.

The court below found the provisions of §503 of The Fiscal Code and §553 of the Selective Sales and Use Tax Act irreconcilable; and applying §63 of the Statutory Construction Act, 46 P.S. §563, it held that the latter, specific provision governed.

Judge KREIDER pointed out that the Selective Sales and Use Tax Act sets up a new and entirely different procedure to be followed in obtaining a refund of sales and use tax—" '. . . the refund or credit of tax . . . provided for by Section 552 shall be made only where the person who has actually paid the tax files a petition for refund with the department. . . .' This may be followed by a petition to the Board of Finance and Revenue 'to review the decision of the department' and thereafter an appeal may be taken to the Court of Common Pleas of Dauphin County." This full appeal procedure differs radically from the procedure followed on a petition for refund filed under The Fiscal Code where no appeal is permitted, and where the petition is originally filed with the board and not the department.

We have considered the opinion of the court below together with the briefs of the parties and find no

---

[1] Unquestionably, consideration and disposition by the Board of Finance and Revenue of a Petition for Refund involve an adjudicatory process clearly subject to judicial review. Only the method of obtaining such review has remained unsettled.

basis for reversal. The two provisions are irreconcilable and the specific one must here govern.

The judgment of the court below is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I cannot agree with the majority and with the court below that §553 of the Selective Sales and Use Tax Act of 1956, P. L. (1955) 1228, as amended, 72 P.S. §3403-553 (Supp. 1963), is irreconcilable with §503 of The Fiscal Code of 1929, P. L. 343, as amended, 72 P.S. §503 (Supp. 1963). Nor can I agree, in the absence of an express legislative direction, that petition under §553 was intended by the Legislature to be the sole means by which a refund may be obtained.

It is neither unusual nor improper that there be available to a taxpayer alternative procedures by which he may obtain relief.* This is particularly so in view of the nature of the procedures involved.

Under The Fiscal Code (§503), followed here by appellant, the petition must be filed directly with the Board of Finance and Revenue within two years of payment of the tax to recover taxes "to which the Commonwealth is not rightfully or equitably entitled." Appellate review may be obtained only by narrow certiorari in the Supreme Court, as the majority opinion points out.

On the other hand, within 18 months of payment, a petition under the Selective Sales and Use Tax Act (§553) must be filed with the Department of Revenue to recover tax to which "the Commonwealth is not rightfully entitled." Review may be had before the Board of Finance and Revenue whose decision is reviewable in the Court of Common Pleas of Dauphin County and finally in the Supreme Court of Pennsylvania.

---

* See, for example, the procedure for refund of federal income tax.

The difference between the provisions—specifically, the equitable nature of review available only under The Fiscal Code and the extent and nature of review—do not require the inapplicability of one provision. The mere existence of difference does not create irreconcilability or preclude choice.

I would hold that refund may be sought under either §503 of The Fiscal Code or §553 of the Selective Sales and Use Tax Act. Therefore, I dissent.