Philadelphia *v.* Dortort et al., Appellants.

Argued December 15, 1965.  Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*William Lee Akers,* with him *Harry Lore,* for appellants.

*William G. Klenk, II*, Assistant City Solicitor, with him *Matthew W. Bullock, Jr.*, Deputy City Solicitor, and *Edward G. Bauer, Jr.*, City Solicitor, for City of Philadelphia, appellee.

OPINION BY MONTGOMERY, J., March 19, 1965:

This is an appeal from an order of Common Pleas Court No. 2 of Philadelphia County dismissing exceptions to a magistrate's return brought before the court on certiorari. The City of Philadelphia, appellee, has moved to dismiss it for the reasons that the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §22, 42 P.S. §957, declares that the judgment of the Court of Common Pleas is final and unappealable in such cases, and *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731 (1959), held that the Superior Court has no right of review by certiorari. We are of the opinion that such right was subsequently given to this Court by the Act of August 14, 1963, P. L. 819, §1, 17 P.S. §184-184.1(pp), which we think was passed to overcome the effect of *Bell Appeal*. Therefore, the motion to dismiss will be denied.

Since the Act of 1810 aforesaid denied the right of appeal, our right of review must be on the basis of "narrow" certiorari, *Kaufman Construction Company v. Holcomb*, 357 Pa. 514, 55 A. 2d 534 (1947), and our inquiry will be limited to a determination of whether the lower court had jurisdiction, whether the proceedings were regular, whether the lower court exceeded its power and authority, and whether there was a violation of constitutional rights. *Badali v. Hartman*, 410 Pa. 652, 190 A. 2d 301 (1963). We are limited to a review of the record and may not properly consider matters dehors the record. *Badali v. Hartman*, supra; *Roming v. Shivers*, 156 Pa. Superior Ct. 205, 39 A. 2d 786 (1944).

This action was begun by the filing of a complaint with the magistrate by the Deputy Police Commissioner of the City of Philadelphia and by the issuance of a summons in the name of the Commonwealth of Pennsylvania.

In the complaint appellants were charged with the common law indictable offense of breach of the peace,[1] and also that they on September 20, 1963, "did in violation of Chapter 10-500, Section 10-501(2)(h) of the Philadelphia Code of General Ordinances use a City facility, namely; the office of the Development Coordinator, Room 210, City Hall, Philadelphia, Pennsylvania, and entered into said City property, and remained therein, without authority, and refusing to leave the same when lawfully requested so to do. . . ."

After a hearing which the appellants attended the magistrate discharged appellants from the breach of the peace charge; but he found them guilty of violating the ordinance and imposed on each of them a fine of $50 and costs. Appellants did not appeal from these judgments but they petitioned the Common Pleas Court for a writ of certiorari to bring up the magistrate's record. After having permitted the proceedings to be amended by substituting the City of Philadelphia for the Commonwealth of Pennsylvania as the complainant because the criminal offense had been dismissed and only the violation of the ordinance remained, the lower court dismissed the exceptions to the return of the magistrate. In *Pleasant Hills Borough v. Carroll*, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956), we allowed a similar amendment. Also see *Commonwealth v. Ashenfelder*, 413 Pa. 517, 198 A. 2d 514 (1964).

---

[1] Criminal actions may be commenced in the City of Philadelphia in the same maner as heretofore, without issuing warrants of arrest, under the Act of September 18, 1961, P. L. 1464, §1, 19 P.S. §12.1.

Although the present action was instituted in the name of the Commonwealth of Pennsylvania and was at first coupled with a criminal charge, those irregularities in the initial proceedings do not alter the fact that now we are dealing with a penalty for violating a municipal ordinance, which is a civil action and is not a summary conviction or a criminal offense. *Commonwealth v. Ashenfelder*, supra; *York v. Baynes*, 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959).

On examining the record we find that the lower court had jurisdiction under Art. 5, §10, of the Constitution of the Commonwealth of Pennsylvania of 1874 to review the magistrate's record on a writ of certiorari; and since the judgment of the Court of Common Pleas is final under the Act of 1810 aforesaid, it is not subject to review by this Court, even though the magistrate lacked jurisdiction. *Perroni v. Thornberry*, 173 Pa. Superior Ct. 647, 98 A. 2d 641 (1953). However, the magistrate had jurisdiction generally to hear and determine civil actions for penalties prescribed for the violation of ordinances, Act of June 15, 1937, P. L. 1743, No. 368, §2, 42 P.S. §1102, and there is nothing to support the argument of the appellants that the penalty was beyond his jurisdiction. The ordinance is dehors the record but the summons states that the fine to be levied is not in excess of $100, which is the limit imposed by art. 5, §12, of the Constitution of the Commonwealth of Pennsylvania and by the Act of 1937, supra.

The proceedings were regular except as previously noted and except that the complainants were represented by the district attorney rather than by the city solicitor. It was proper for the district attorney to represent the Commonwealth in prosecuting the indictable offense. However, we do not deem any of these irregularities prejudicial or not subject to correction. The City was substituted for the Common-

wealth; the city solicitor, for the district attorney. The criminal charge was dismissed and thus severed from the civil charge. The suit was instituted in the regular way by complaint and the appellants were served properly by summons. They appeared and could have testified had they desired to do so. By appearing and going to trial without objection, appellants waived any question of service or jurisdiction of their persons. *Weidenhamer v. Bertle,* 103 Pa. 448 (1883); *Sweitzer v. Emert,* 55 Pa. Superior Ct. 176 (1913).

Appellants are attempting to have us review the merits of this case by arguing that there is no evidence or findings of fact in the magistrate's return. It is beyond our power to review the case on this basis. Their effort is not uncommon. We adopt the statement of Mr. Chief Justice SHARSWOOD in *Carpenter's Appeal,* 11 W.N.C. 162 (1882), which was quoted by Mr. Chief Justice FRAZER in *Rimer's Contested Election. Geary's Appeal,* 316 Pa. 342, 347, 175 A. 544, 546 (1934): ". . . upon a common law certiorari, as this is, we can only examine the record, to see if the Court had jurisdiction and the proceedings were regular. This has been so often decided, that it is to be hoped that some time or other parties will leave off bringing such cases into this Court, with the idea that they may get the proceedings reversed on the merits."

Finally, appellants complain of a lack of due process required by the Fourteenth Amendment to the Constitution of the United States. There is no merit in this complaint. The action was properly instituted by complaint and summons. Appellants were properly served. By appearing at the hearing without objection they waived any irregularities in the manner that jurisdiction was acquired over their persons. They were given the opportunity to testify and had the right of appeal from the judgments entered against

them. Although the evidence on which the judgments were based is not part of the record, the record clearly shows that testimony was given at the hearing. By asserting a failure to recognize an alleged plea of previous acquittal, appellants are endeavoring to have this matter decided on the merits again. We previously discussed and denied their right to do so.

Since we find no lack of jurisdiction, no irregularities in the proceedings that have not been corrected, and no abuse of power and authority by the lower court or denial of any of appellants' constitutional rights, the order is affirmed.