## Commonwealth v. Manbeck, Inc. (No. 2)

*Ronald M. Katzman*, for appellant.

*Edward I. Baker, Deputy Attorney General,* for Commonwealth.

SWOPE, P. J., March 9, 1967.——C. F. Manbeck, Inc., appealed to this court from an order of the Board of Finance and Revenue dated December 7, 1962, which order affirmed the Sales Tax Board of Review's denial of Manbeck's claim for refund of sales and use tax in the amount of $2,139.80. The controversy is before us on a stipulation of facts and an agreement to try without a jury.

C. F. Manbeck, Inc., hereinafter referred to as "taxpayer", is a Pennsylvania corporation with its principal place of business in Fredericksburg, Lebanon County, Pa. It is engaged in the business of preparing, processing and packaging frozen poultry in sealed containers for wholesale distribution. The items upon which the tax refund herein is claimed consist of equipment and supplies used directly in the taxpayer's business during the periods from March 7, 1956, to April 30, 1960, for which an assessment was levied by the Commonwealth and paid by the taxpayer. There is no question that as a matter of substantive law the said items subsequently became not properly taxable due to retroactive amendment in 1961 of the Sales Tax Law, now called the Tax Act of 1963 for Education, Act of March 6, 1956, P. L. 1228, as amended, 72 PS §3403, et seq. The problems raised by this appeal concern only whether taxpayer acted timely in asserting its claim for refund. More specifically the questions presented are:

(1) Does the amendment of August 23, 1961, P. L. 1092, 72 PS §3403-2c.1., which was specifically made retroactive to March 6, 1956, authorize taxpayer's present claim to refund notwithstanding the time limitations contained elsewhere in the basic statute?

(2) Does the Pennsylvania Supreme Court's decision in Commonwealth v. Sitkin's Junk Co., Inc., 412

Pa. 132 (1963), entitle the taxpayer to file claim for refund within 5 years of payment of the tax pursuant to section 553(d) of the underlying act?

On September 15, 1960, the Bureau of Sales and Use Tax issued an assessment against this taxpayer pursuant to section 541 of the act in question for a use tax deficiency in the amount of $1,732.28 covering the period March 7, 1956, to April 30, 1960. Within the time permitted by law and pursuant to section 542 of the act, taxpayer filed a petition for reassessment with the Bureau of Sales and Use Tax. The Sales Tax Board thereupon issued an opinion and order, dated March 9, 1961, denying the petition and sustaining the assessment in its entirety. Taxpayer did not, within the time allowed by statute, file a petition for review with the Board of Finance and Revenue to review the opinion and order of the Sales Tax Board. On June 27, 1961, taxpayer paid the assessment in full, the total payment including penalties and interest being $2,470. On November 10, 1961, the taxpayer filed with the Department of Revenue a petition for refund of moneys paid under the assessment and other tax moneys paid voluntarily either to vendors or directly to the Commonwealth. Thereafter, the Department of Revenue granted a refund of the moneys paid voluntarily but denied refund of the amount paid pursuant to the assessment. Taxpayer then filed a petition for review with the Board of Finance and Revenue which petition was denied by that board's order, mailed December 7, 1962, sustaining the action of the Department of Revenue. This appeal followed.

In supporting the denial of refund, the Commonwealth relies initially on section 552 of the act, which provides in part:

"The department shall, pursuant to the provisions of sections 553 and 554, refund all taxes, interest and penalties paid to the Commonwealth under the provi-

sions of this act and to which the Commonwealth is not rightfully entitled . . . Provided, That no refund shall be made under this section with respect to any payment made by reason of an assessment with respect to which a taxpayer has filed a petition for reassessment pursuant to section 542 of this act *to the extent that said petition has been determined adversely to the taxpayer by a decision which is no longer subject to further review or appeal . . .*" (Italics supplied.)

As noted previously, taxpayer had petitioned for and been denied reassessment under section 542. The Commonwealth asserts the proviso of section 552, therefore, and contends that taxpayer is precluded from filing a claim for refund. The Commonwealth fails to give effect, however, to the express limitation upon the proviso which is emphasized in the above quotation of section 552. It is clear from the facts of record that the issues now raised by taxpayer's claim for refund were never presented to or passed upon by the Sales Tax Board in the petition for reassessment. Moreover, it is clear that on the date of the board's opinion on the petition for reassessment, i.e., March 9, 1961, the issues now advanced by taxpayer could not possibly have been raised since the amendment to the act upon which taxpayer presently seeks to justify its claim for refund was not enacted until August 23, 1961, and the decision in Commonwealth v. Sitkin's Junk Co., supra, upon which taxpayer also relies, was not rendered until October 9, 1963. The foregoing factors effectively remove taxpayer's claim for refund from the proviso of section 552 in that such grounds for reassessment and now for refund, which were not and which could not possibly have been advanced at the reassessment hearing, were not "determined adversely to petitioner" so as to now preclude a petition for refund *if such petition is found to be otherwise*

*timely.* We turn, therefore, to section 553 of the act which imposes certain time limitations as to the filing of claims for refund and the effect of the amendment of 1961 and the decision in Sitkin's upon taxpayer's claim.

In Graybill & Bushong, Inc. v. Board of Finance and Revenue, 414 Pa. 70 (1964), it was held that the specific provisions of the Sales & Use Tax Act provide the sole procedure for refund of taxes collected under the act. The provision which is ordinarily applicable to claims for refund is section 553(b), which provides in material part:

"(b) A refund or credit of tax, interest or penalty, paid as a result of an assessment made by the department under section 541, shall be made only where the person who has actually paid the tax files with the department a petition for a refund with the department *within six months* after the date the notice of assessment was mailed".

Were section 553(b) the sole factor to be considered on this appeal it would be clear that taxpayer is precluded from claiming a refund since the notice of assessment was mailed on September 15, 1960, while the claim for refund was not filed until November 10, 1961, far beyond the statutory time limit. Taxpayer contends, however, that since the Act of 1961, which amended the underlying statute in order to exempt "processors", was made specifically retroactive to the inception of the basic act, i.e., March 6, 1956, it, therefore, supersedes the procedural limitations of section 553(b) and authorizes the claim for refund now in question.

With this contention we cannot agree. There is no question that the amendment of 1961 had a direct effect on the taxpayer's liability under the taxing statute. Substantively, the amendment removed the equipment and other items of tangible personal property

upon which the assessment in question had been levied from taxability under the statute, ab initio. Nevertheless, the legislature did not then, nor can this court now, provide any relaxation of the exclusive and mandatory time limitations embodied in section 553, which govern claims for refund under the act. In fact, the legislature saw fit not to amend the procedural requirements of the act whatsoever, but only to render taxpayer's activities retroactively exempt for substantive purposes. The wisdom of such a procedure is not for this court's consideration. There is no doubt, however, that such a procedure lies properly within the legislative power. Without a clear expression of legislative intent to relax the mandatory provisions of section 553 in order to conform procedure with substance, however, we are bound to observe the procedural limitations upon claims for refund as they remain embodied in that section.

The final question to be disposed of is the effect of the Pennsylvania Supreme Court's decision in Sitkin's Junk, supra, upon the present controversy. Section 553 (d) of the tax act provides a five year statute of limitation on claims for refund under certain circumstances. If taxpayer's contentions are correct, its claim for refund will be allowable under that section which provides, in part:

"Notwithstanding any other provision of this section where any tax, interest or penalty has been paid under a provision of this act subsequently held by final judgment of a court of competent jurisdiction to be unconstitutional, or under an interpretation of such provision subsequently held by such court to be erroneous, a petition for refund may be filed either before or subsequent to final judgment, but such petition must be filed within five years of the date of the payment of which a refund is requested . . . "

This court, in Commonwealth v. C. J. Langenfelder & Sons, Inc., 84 Dauph. 70 (1965), commenting on the section now in question, stated at page 77: "To bring its claim within this section of the Act appellant must point to some interpretation of a provision thereof which has subsequently been held to be erroneous". To bring himself within the purview of this section, taxpayer must show clearly and without question that the taxing authority made an interpretation of a provision of the act which was subsequently held by a court of competent jurisdiction to be erroneous. Inferences or dicta drawn from a case would not be sufficient to render section 553 (d) effective.

Prior to the decision in Sitkin's, the Bureau of Sales and Use Tax, affirmed by decisions of this court, had consistently held that the definition of "manufacture" in section 2(c) of the act 72 PS §3403-2(c), was no broader than the prevailing interpretation of that term as stated in numerous cases decided under other taxing statutes. See Commonwealth v. Donovan, 76 Dauph. 191 (1960). The Sitkin's decision rejected such a construction and held that the definition of "manufacture" in the tax act was different from and broader than those previous interpretations. The Supreme Court held that in determining whether or not the definition of manufacture as contained in section 2(c) of the statute has been met, the type of activity must be either manufacturing, fabricating, compounding, processing or other operations and that each of these words as contained in the definition has a meaning apart from the other words therein. The court further stated that in determining whether the activity of a taxpayer satisfies the statutory requirement, such activity must "place . . . personal property in a form, composition, or character different from that in which it is acquired . . . ". The test to be used is whether the end product is "different" rath-

er than "new and different" as had been the test formerly utilized by the courts under this section. The Supreme Court thereupon held that the activities of Sitkin's fell within the general language "other operations", and that the end result of Sitkin's activities satisfied the "different" test so as to bring them properly within the definition of "manufacture".

We are of the opinion that the Sitkin's decision does not support taxpayer's contention as to his right to proceed for refund under section 553 (d). That taxpayer's activities are properly classified as "processing" as that term is defined in section 2(c)(1) of the tax act is admitted by both parties. From a reading of Sitkin's, however, it is apparent that the court's holding there is limited to the phrase "other operations" as contained in the definition of "manufacture" and that it did not purport to interpret the word "processing" as contained in that definition. At page 135, footnote 4, the court stated:

"Under §2(c)(iv), the 'Use' of tangible personal property in the 'Processing' of personal property is likewise specifically excluded from imposition of the tax. While taxpayers rely in part on this provision, in our view such 'Processing' provision does not apply to the instant fact situation under the definition in sub-clause (c.1) of §2."

The court further stated at page 138:

"In the case at bar, it is undisputed that the taxpayers do not 'fabricate' or 'compound' the scrap nor is there any merit in their contention that they 'process' such scrap. To come within the orbit of exclusion from the imposition of these taxes the taxpayers' activities must fall within the category of 'manufacturing' or 'other operations' if the latter words have a meaning apart from the other words in the definition".

Without doubt, and in very clear and unequivocal language, the Supreme Court concluded that Sitkin's

was not a "processor" and, instead, phrased the issue presented as being the determination of whether or not Sitkin's activities constituted "manufacturing" or "other operations". In the present case, taxpayer is admittedly a "processor" as that term is used in the statute and, in our opinion, cannot avail itself of a decision which was concerned only with the phrase "other operations" as used in the statute and which specifically rejected the term "processor" as its basis. To allow this would be to permit a taxpayer to invoke section 553 (d) merely upon the basis of dicta or inferences contained in or drawn from a prior decision. On the contrary, section 553 (d) requires the taxpayer to demonstrate that the facts encountered in the decided case were identical with its own situation or so closely analogous that there can be no question that the court would hold in identical fashion were the question presented before it in the latter instance. If the taxpayer cannot show an identical situation, or if he must resort to dicta contained in or inferences drawn from the decided case upon which he relies in order to construct his analogy, he does not have a claim for the relief of which section 553 (d) was intended. Such is the case at hand.

## CONCLUSIONS OF LAW

1. The mandatory procedural requirements of section 553 (b) of the Tax Act of May 29, 1963 for Education, P. L. 49 (Sales Tax Act of March 6, 1956, P. L. 1228, as amended, 72 PS §3403, et seq.), requiring claims for refund to be filed within 6 months of mailing of assessment were not affected by the Act of August 23, 1961.

2. The case of Commonwealth v. Sitkin's Junk Co., Inc., is not a basis for invoking the five year statute of limitation of section 553 (d) in this case, since taxpayer has not shown such case to hold erroneous any prior interpretation affecting taxpayer's liability.

3. Taxpayer's petition for refund was not timely filed in accordance with the requirements of the Tax Act of 1963 for Education, supra, and was properly denied by the Board of Finance and Revenue.

4. This appeal must be dismissed.

Accordingly, we make the following:

ORDER

And now, March 9, 1967, the within appeal of C. F. Manbeck, Inc. is hereby dismissed.