## Finance Company of Pennsylvania, Appellant, *v.* Board of Finance and Revenue.

Argued March 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Samuel C. Harry,* with him *Natalie I. Salkind, Park B. Dilks, Jr.,* and *Morgan, Lewis & Bockius,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

Opinion Per Curiam, April 29, 1968:

The motion of the Board of Finance and Revenue, Treasury Department, Commonwealth of Pennsylvania, the appellee, to quash the appeal and the answer of The Finance Company of Pennsylvania, the appellant, was argued before this Court on March 12, 1968. We agreed with the Commonwealth that the Superior Court of Pennsylvania has no jurisdiction to hear the appeal. *Bethlehem Steel Company v. Board of Finance and Revenue,* 429 Pa. 84, 239 A. 2d 389 (1968); *Graybill & Bushong, Inc. v. Board of Finance and Revenue,* 414 Pa. 70, 198 A. 2d 316 (1964); Supreme Court Rule 68½, as of February 5, 1964, 416 Pa. xxv.

This was a direct appeal from the action of the Board of Finance and Revenue, seeking a reversal of the interpretation of Section 503 of The Fiscal Code, Act of April 9, 1929, P. L. 343, as amended, 72 PS 503, refusing tax refunds. Subsection (e) of this section provides: "(e) The action of the board on all petitions filed under this section shall be final."

The Act of August 14, 1963, P. L. 819, 17 PS §191.4, (6) provides: "In the following classes of cases, the Superior Court shall have no jurisdiction thereof, but the appeal from the judgment, order or decree of

the lower court shall be taken directly to the Supreme Court: . . . . (6) Matters relating to actions and orders of the Department of Revenue arising under the provisions of the Act of April 9, 1929 (P. L. 343), known as 'The Fiscal Code', as amended;".

The action should have been by petition for narrow certiorari to the Supreme Court. Where an appeal is erroneously taken which is appealable direct to the Supreme Court, the Superior Court should certify to the Supreme Court for hearing and decision. Act of 1895, June 24, P. L. 212, §9, par. 5, 17 PS §196.

As indicated, the proper appeal procedure should have been by petition for narrow certiorari to the Supreme Court. *Badali v. Hartman,* 410 Pa. 652, 190 A. 2d 301 (1963). We, however, are not constrained to quash the appeal but rather to certify to the Supreme Court for hearing and decision.

AND Now, April 29, 1968, it is ordered that this appeal be certified to the Supreme Court of Pennsylvania for hearing and decision. Costs on the appellant.