## Susie v. Susie

*Eugene Morris*, for plaintiff.
*Steve T. Susie*, defendant, p.p.

KLEIN, *J.*, February 2, 1976 —The instant complaint in divorce was filed on June 4, 1975, never reinstated and not served until August 4, 1975. Such service is defective absent an effective waiver by defendant: Pa. R.C.P. 1009: O'Shall v. O'Shall, 22 D. & C. 2d 158 (1960); and Blose v. Blose, 21 D. & C. 2d 186 (1960). In this case, defendant appeared in person at the master's hearing held on October 23, 1975, and advised that he wished to contest the action. The master, over the objection of plaintiff, continued the hearing until December 16, 1975. Such personal appearance constitutes a waiver of any defect in service or jurisdiction over the person of defendant. See Hohlstein v. Hohlstein, 223 Pa. Superior Ct. 348, 296 A. 2d 886 (1972); Philadelphia v. Dortort, 205 Pa. Superior Ct. 211, 208 A. 2d 797 (1965); 3 P. L. Encyc. Appearance, §1 et seq., and cases cited therein.

We have carefully read the testimony taken by the master and returned with his report, as well as his report, and we are satisfied that defendant offered such indignities to the person of plaintiff as to render her condition intolerable and life burdensome. For this reason, we think that a divorce should be granted as prayed for.

## ORDER

Now, February 2, 1976, it is ordered, adjudged and decreed that a decree be entered divorcing the said Lois M. Susie, plaintiff, from the said Steve T. Susie, defendant, and from the bond of matrimony contracted with him, with the same effect as if they had never been married, or as if the said Steve T. Susie were naturally dead.