634 A.2d 170

## In re READING SCHOOL BOARD ELECTION.

## APPEAL OF Ralph PAGANO, Candidate.

Supreme Court of Pennsylvania.

Argued April 6, 1993.

Decided Nov. 5, 1993.

Laurence M. DelVecchio, for R. Pagano.

Mervin A. Heller, Jr., for I. Carson, Candidate.

Ronald R. Seaman, for Berks Co. Elec. Bd.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Ralph Pagano, Appellant, has filed a direct appeal with us from the order of the Court of Common Pleas of Berks County dismissing his appeal to that Court from the decision of the Berks County Board of Elections dated December 23, 1991, which, in turn, dismissed his petition for a recount of the votes cast in the November 5, 1991, election.

The basic facts surrounding this appeal are not in dispute and, while somewhat confusing, can be briefly stated. Appellant, a resident of the City of Reading, Berks County, was a candidate for a seat on the Reading School Board in the November 5, 1991, election. After counting all the votes as recorded by the electronic voting machines, along with write-in votes and absentee votes, the Berks County Board of Elections determined that Appellant and Irene Carson each received a total of 7,645 votes for the seat on the School Board. This determination was made on November 20, 1991.

On November 25, 1991, Appellant filed a petition for recount with the County Board of Elections on his own behalf.

On November 26, 1991, the Board of Elections, being comprised of the Honorable Forrest G. Schaeffer, President Judge of the Court of Common Pleas of Berks County, the Honorable Scott D. Keller, Judge of the Court of Common Pleas of Berks County, and Frederick O. Brubaker, Esquire, met to consider Appellant's Petition. Ms. Carson, at that time, presented a motion that Appellant's Petition be dismissed because it was not filed in accordance with the provisions of the Election Code, and specifically alleged that the Petition was defective in that it was not verified by the signatures of three electors. The Board asked that the issue be briefed and took the matter under advisement.

On November 27, 1991, Appellant filed a petition in the Prothonotary's Office of Berks County seeking to file a petition *nunc pro tunc* with the Court of Common Pleas. This second petition was signed by Appellant and verified by three electors. Both petitions are identical in that they each seek to challenge the regularity of certain absentee ballots used by the Berks County Board of Elections in arriving at its November 20, 1991, computation.

On December 23, 1991, the Board of Elections rejected Appellant's recount petition because it was not properly verified [1] and, on December 26, 1991, an appeal was filed in the Court of Common Pleas of Berks County seeking a review of that determination or, in the alternative, permission to file the previously filed challenge *nunc pro tunc*. Senior Judge Frederick Edenharter held a hearing in this matter on March 17, 1992, and dismissed Appellant's appeal by order dated March 19, 1992.

This timely appeal followed wherein Appellant basically argues that he should be excused for failing to obtain the signatures of the three electors to the petition he filed before

1. The Board also declared the election to be officially tied and scheduled a drawing to break the tie. This drawing was held on December 26, 1991, and resulted in favor of Irene Carson. She subsequently took her seat on the Reading School Board.

the County Board of Electors because of the vagueness of the Election Code and because he was misled by the Board's solicitor as to where objections to the Board's computation should be lodged.

We begin our analysis of this matter by noting that appeals which emanate from orders of the Court of Common Pleas which, in turn, are reviewing orders of the county Board of Elections under Section 1407 of the Election Code, Act of June 3, 1937, P.L. 1333, as amended, 25 P.S. § 3157, are accepted by this Court in the nature of certiorari review in its broadest sense, *In re General Election of November 6, 1971,* 449 Pa. 386, 296 A.2d 782 (1972), in spite of the fact that the statute forbids appeals in the normal sense of the word beyond the court of common pleas. "No appeal shall be allowed or granted from any order or decree of the court of common pleas made in pursuance of this section." 25 P.S. § 3157(b). Thus, even though the statute does not permit us to inquire into the merits of Appellant's challenge to the absentee ballots, we are not foreclosed from accepting the matter on certiorari and reviewing the record including the testimony to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made. *In re Recanvassing of Certain Voting Machines,* 504 Pa. 593, 475 A.2d 1325 (1984).

Appellant does not argue that the findings are unsupported by competent evidence, but rather argues that the trial court made erroneous conclusions of law. Specifically, Appellant argues that the trial court failed to recognize that the procedures for challenging absentee ballots are so confusing in the Election Code that his failure to follow proper procedures was excusable and, in the interest of justice, his petition should have been heard by the county Board of Elections.

We disagree. In the *Absentee Ballots Case,* 423 Pa. 504, 224 A.2d 197 (1966), we restated our rule recognized in many previous decisions of this Court that a challenge to the validity of absentee ballots must be resolved in the first instance by the county Board of Elections *regardless of the nature of the*

*objection. Perles v. Northumberland Co. Retirement Board,* 415 Pa. 154, 202 A.2d 538 (1964); *Appeal of Meell,* 405 Pa. 184, 174 A.2d 110 (1961).[2]

We also held that from the Board of Election's decision, an appeal is available by an aggrieved party to the court of common pleas. Finally, we indicated that our prior case law confirmed that since the proceedings start before the Board of Elections with an appeal to the court of common pleas, that the appeal is governed by the provisions of Section 1407 of the Code, 25 P.S. § 3157 *Absentee Ballots Case,* 423 Pa. at 510, 224 A.2d at 200–201[3].

We have elsewhere indicated that when challenges are brought before the county Board of Elections they are initiated under Section 1404(e) of the Code which provides that:

> Whenever it shall appear that there is a discrepancy in the returns of any election district, or, upon petition of three voters of any district ... the county board shall ... summon the election officers of the district [who] ... shall make visible the registering counters of such [voting] machine, and ... shall recanvass the vote cast thereon.

25 P.S. § 3154(e). *Flood Appeal,* 372 Pa. 486, 94 A.2d 565 (1953). There is no reason to disturb this rule of law or to presume a differing procedure simply because Section 1407 refers to the recount of voting machines. The purpose of the section is to give an opportunity to correct and investigate all errors and discrepancies in the *returns* of any election district,

**2.** Such challenges must be filed within five days after the computation of the votes are announced pursuant to Section 1404 of the Code, 25 P.S. § 3154(f), and in this case had to be filed by November 25, 1991.

**3.** 25 P.S. § 3157(a) provides in pertinent part:

(a) Any person aggrieved by any order or decision of any county board regarding the computation or canvassing of the returns of any primary or election ... may appeal therefrom within two days after such order or decision shall have been made, whether reduced to writing or not, to the court of common pleas of the proper county, setting forth why he feels that an injustice has been done, and praying for such order as will give him relief.

June 3, 1937, P.L., 1333, Art. XIV, § 1407, as affected, April 28, P.L. 202, No. 53, § 2(a)[1193], effective June 27, 1978.

and by definition, the *return* includes write-in ballots and absentee ballots. 25 P.S. § 30331.14(c)[4].

Appellant does not deny that his petition to the county Board of Elections did not follow the prescribed procedures. It was not signed by three voters as required by Section 1404(e), all of whom are required to verify such a petition. As in *Flood,* the petition was sworn to by the Appellant only and Appellant, like Mr. Flood, cannot point to any provision in the election laws of this State which authorizes a recount or a recanvass by the county Board of Elections of the returns of an election at the instance of a single person even though he be the disappointed candidate. *Flood Appeal,* 372 Pa. at 486, 94 A.2d at 566. Additionally, Appellant cannot complain that he was misled into filing his challenge with the county board of elections, because, as our research has indicated, the suggestion that he proceed before that body was correct. The failure to verify his challenge with the required three voters' signatures, however, falls squarely on Appellant's shoulders and we see no reason to invoke our plenary jurisdiction, as Appellant suggests, to correct his oversight.

We conclude that our case law provides ample guidance on the question of the correct procedures to follow when challenging absentee ballots and we reject Appellant's argument to the contrary. Since the Appellant's petition was not filed by November 25, 1991, with the required signatures of three voters, it was fatally defective and the county Board of Elections was without jurisdiction to entertain same or grant relief. The Court of Common Pleas was correct in affirming the order of the county Board of Elections dismissing the Appellant's petition and in denying permission to cure the defects to the petition *nunc pro tunc.*

**4.** 25 P.S. § 3031.14(c) provides:

The return printed by the central automatic tabulating equipment, to which have been added write-in votes as recorded on the district reporting form and absentee votes, shall, when certified by the county board of elections, constitute the official return of each election district. Upon completion of the count, the official returns shall be open to the public.

38

Accordingly, we affirm the order of the Court of Common Pleas of Berks County.

LARSEN, J., did not participate in the decision of this case.