## Bethlehem Steel Company, Appellant, *v.* Board of Finance and Revenue.

Argued May 24, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*William H. Wood,* with him *Leon D. Metzger,* and *Metzger, Hafer, Keefer, Thomas and Wood,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Board of Finance and Revenue, appellee.

OPINION BY MR. JUSTICE JONES, March 15, 1968:

For the years 1951 and 1952, Bethlehem Steel Company [Bethlehem] filed Net Income Tax Reports, paid the taxes computed in accordance with such reports

and the Commonwealth of Pennsylvania settled the taxes on such reported basis.

On July 5, 1957, Bethlehem filed with the Board of Finance and Revenue [Board] petitions for a refund of the taxes paid in each of the two years.[1] The basis of both petitions was that Bethlehem and the Commonwealth had erred in arriving at the amount of taxes due: (1) in the inclusion in the denominator of the gross receipts allocation fractions of *net profits* derived by Bethlehem from the sale and maturity of United States securities during 1951 and 1952 rather than the inclusion of the *gross proceeds* from such securities transactions;[2] (2) in the inclusion in the numerator of the gross receipts allocation fractions of net profits from the sale and maturity of securities since neither the net profits nor the gross proceeds from such sources arose from any transaction of Bethlehem within Pennsylvania.

On May 3, 1962, the Board denied Bethlehem's petitions for refund "for lack of jurisdiction under Section 503 of the Fiscal Code in that the petition[s] [were] not timely filed."[3]

On June 6, 1962, Bethlehem instituted in the Court of Common Pleas of Dauphin County an action of mandamus against the Board to compel it to grant

[1] The amounts claimed were $188,883.92 for 1951 and $137,-900.98 for 1952.

[2] In *Commonwealth v. Koppers Company, Inc.*, 71 Dauph. 73, aff'd 397 Pa. 523, 156 A. 2d 328 (decided November 24, 1959), we held that the *gross proceeds*, rather than the *net profits*, should be included in the denominator of the gross receipts allocation fractions.

[3] This decision of the Board was by a 3-2 vote. Apparently, the basis of the Board's order was that it had no jurisdiction to determine Bethlehem's petitions because the two year and the five year limitation periods for filing petitions for refund prescribed by The Fiscal Code of 1929 (Act of April 9, 1929, P. L. 343, §503, as amended, 72 P.S. §503), had expired.

the refunds. The Board filed an answer to this action of mandamus alleging that the court lacked jurisdiction to grant the relief sought by Bethlehem. The court below, being of the opinion that Bethlehem's remedy was by an appeal to this Court in the nature of a narrow certiorari, dismissed Bethlehem's complaint in mandamus. From that order, the instant appeal was taken.

In *Graybill & Bushong, Inc. v. Board of Finance and Revenue,* 414 Pa. 70, 72, 73, 198 A. 2d 316 (decided March 17, 1964), we held that review of an action of the Board considering a petition for the refund of a tax under The Fiscal Code, supra, is available only by an appeal to this Court in the nature of a narrow certiorari. Mr. Justice Cohen, speaking for this Court, said: "It is well established in this Commonwealth that where a statute provides that the action of an administrative agency is final, the only review therefrom is to this Court in the nature of a narrow certiorari. [citing authorities]. This rule has been applied to action by the Board of Finance and Revenue in refusing a petition for refund of tax. [citing an authority]. In other contexts this rule and remedy has been termed 'exclusive'. [citing authorities].

. . . .

". . . it is our present opinion that review of the action of the Board of Finance and Revenue in considering a petition for refund of tax under §503 of The Fiscal Code is available only by appeal to this Court in the nature of a narrow certiorari and that henceforth mandamus shall not be available as a remedy in such a case." (pp. 72, 73).

In *Graybill,* we recognized the existence of a past practice, countenanced on occasions by our Court, of reviewing decisions of the Board by mandamus and the result of *Graybill* was to terminate such practice. However, in *Graybill,* we recognized that, because of the

confusion occasioned by our previous tacit approval of mandamus as the vehicle for appellate review, it would be "manifestly unjust to dismiss appellant's appeal because it pursued its position by mandamus rather than direct appeal." (p. 74). Despite the impropriety of the mandamus procedure, nevertheless, in *Graybill,* we did pass upon whether the Board did have jurisdiction to entertain a petition for a refund of taxes in the factual context of *Graybill.*

An examination of *Graybill* will disclose that we said: ". . . *henceforth* mandamus shall not be available as a remedy [to review an action of the Board in refusing to consider a petition for refund of taxes]." (p. 73). (Emphasis supplied). It seems clear beyond any question that the *Graybill* rule was to be applied in actions instituted subsequent to March 17, 1964, the date of *Graybill.*

The instant action of mandamus was filed in the Court of Common Pleas of Dauphin County *before* the action of mandamus involved in *Graybill* was instituted in that same court, and disposition of the instant litigation was deferred until our Court determined *Graybill.* The Commonwealth now takes the position that the action of our Court in *Graybill* was not an "unexpected and complete change in procedural law" and, therefore, Bethlehem does not fall within the protective cloak enunciated in *Graybill.* This argument we reject as unsound legally and unconscionable under the circumstances.

The instant action having been instituted prior to *Graybill,* the rule enunciated in *Graybill* should not be applied to Bethlehem's prejudice, but, on the contrary, under the *explicit* language of *Graybill,* Bethlehem is entitled to a disposition by a court of law of the question of the Board's jurisdiction.

Bethlehem raised in the court below and has raised in this Court several serious questions as to whether

or not, under the instant circumstances, its petitions for refund of taxes were not timely filed. It would be unjust to deny Bethlehem the right to a judicial review of the decision of the Board on the question of jurisdiction.

To enable Bethlehem to secure a judicial review of the Board's action, we vacate the order of the court below and direct a reargument before this Court of the question whether the Board properly refused to entertain jurisdiction of Bethlehem's petitions for a refund of these taxes.

Order vacated and reargument directed.

Mr. Justice COHEN took no part in the consideration or decision of this case.