# Finance Company of Pennsylvania, Appellant, *v.* Board of Finance and Revenue.

Argued October 11, 1968. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

Samuel C. Harry, with him Natalie I. Salkind, Park B. Dilks, Jr., and Morgan, Lewis & Bockius, for appellant.

Eugene J. Anastasio, Deputy Attorney General, with him William C. Sennett, Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, April 23, 1969:

This is an appeal by The Finance Company of Pennsylvania (appellant) from orders of the Board of Finance and Revenue refusing appellant's petitions for refund of bank shares tax paid by it for 1957 and 1958. Since the chronological sequence of events is important, we shall recite it in full.

During the year 1961 appellant determined that it had improperly been paying bank shares tax to the Commonwealth and that it should have been paying general corporate business taxes (e.g., capital stock, loans, corporate net income). At that time it had pending before the taxing departments a petition for resettlement of its 1959 bank shares tax. On March 22, 1962, it filed a supplemental petition for resettlement of this tax alleging it was not subject to the tax. On April 23, 1962, it filed similar petitions for resettlement with respect to its 1960 and 1961 shares tax. On April 27, 1962 (five days later) it filed the petitions for refund for 1957 and 1958 which are the subject of

the present proceeding. At the time of filing these last two petitions, appellant's counsel submitted a letter to the Board requesting that action on them be deferred until final disposition of the proceedings for 1959, 1960 and 1961.

Subsequently, appellant's petition for resettlement of its 1959 shares tax was denied as was its petition for review to the Board. On March 6, 1963, appellant filed an appeal to the Court of Common Pleas of Dauphin County. Three and one-half years later, on September 6, 1966, that court ruled appellant was not subject to shares tax but rather, as appellant claimed, was subject to general business taxes. *Commonwealth v. The Finance Company of Pennsylvania*, 41 Pa. D. & C. 2d 73 Dauph. (1966). The Commonwealth did not appeal from this decision.

Appellant then requested the Board to hear its petitions for refund of 1957 and 1958 shares tax and grant the appropriate refunds. On February 21, 1967, the Board met and refused the petitions for lack of jurisdiction. Appellant's petition for rehearing was refused by the Board on April 27, 1967. On May 12, 1967, appellant filed appeals with the Superior Court from the Board's action.

In a per curiam order entered on April 29, 1968, the Superior Court certified the appeals to this Court. It acted in the belief that it had no jurisdiction in the matter because §2 of the Act of August 14, 1963, P. L. 819, 17 P.S. §191.4(6), gave exclusive jurisdiction to this Court of appeals in "(6) Matters relating to actions and orders of the Department of Revenue arising under the provisions of the Act of April 9, 1929 (P. L. 343), known as 'The Fiscal Code', as amended; . . ." Before us, appellant has contested this action of the Superior Court and vigorously argued that the matter should be remitted to that court. Therefore, we first take up appellant's motion to that effect.

Appellant's motion is based upon its close reading of the Act of June 24, 1895, P. L. 212, as amended by the Act of August 14, 1963, P. L. 819, 17 P.S. §§181 to 191.6 (pp), setting forth the limits of jurisdiction of the Superior Court. We disagree with its contentions but are constrained to state that its analysis illustrates how critically important careful statutory drafting can be and how imprecisely drafted is the amending Act of 1963, supra.

The Act of 1895, supra, §7, as amended, 17 P.S. §181, confers upon the Superior Court exclusive and final appellate jurisdiction of all appeals (whether by appeal, certiorari or writ of error) in a series of classes of cases. One of these classes is "actions arising from proceedings and orders of any commission or administrative agency. . . ." Act of 1895, supra, §7 (c.1), added by the Act of 1963, supra, §1. Nevertheless, the Act of 1895, supra, §7.4, as added by §2 of the Act of 1963, supra, 17 P.S. §191.4 sets forth exceptions to this grant of appellate jurisdiction, stating that the appeal from the "lower court" shall be taken directly to the Supreme Court in eleven classes of cases. One of these is class (6), quoted above, relating to actions of the Department of Revenue arising under The Fiscal Code.

It is on this statutory framework that appellant builds its argument. Its analysis proceeds as follows. All appeals from actions of an administrative agency are to be taken to the Superior Court. The Board of Finance and Revenue is an administrative agency, being denominated a "departmental administrative board" in the Treasury Department by The Administrative Code of 1929, Act of April 9, 1929, P. L. 177, §202, 71 P.S. §62. No exception to this procedure is found in §7.4, 17 P.S. §191.4, supra, because it (a) refers to appeals from the "lower court" (which the Board isn't) and (b) because this appeal is not from

an action or order of the Department of Revenue, but rather from an order of the Board on a refund petition (over which the Board has exclusive administrative jurisdiction). Finally, appellant states, this Court's decisions in *Bethlehem Steel Company v. Board of Finance and Revenue*, 429 Pa. 84, 239 A. 2d 389 (1968), and *Graybill and Bushong, Inc. v. Board of Finance and Revenue*, 414 Pa. 70, 198 A. 2d 316 (1964) (in both of which we held that review of the Board's action in refusing a petition for refund is available only by appeal to this Court in the nature of a narrow certiorari), are not applicable since both involved actions filed prior to December 1, 1963, the effective date of the amending Act of 1963, supra.

It is clear that appellant necessarily believes a change in appellate jurisdiction between the Superior Court and this Court was made by the Act of 1963, supra. Prior to passage of that Act, the Superior Court had appellate jurisdiction neither (a) by certiorari proceedings of any kind nor (b) over any proceeding involving the settlement, resettlement or refund of state taxes. The act eliminated the first of these restrictions by giving to the Superior Court the power to hear appeals in the nature of a certiorari where appropriate. Appellant also submits that with regard to claims for refund of state taxes made under §503 of The Fiscal Code, supra, an appeal in the nature of a narrow certiorari now must be taken to the Superior Court although it agrees that proceedings contesting the settlement and resettlement of state taxes under §§1102, 1103 and 1104 of The Fiscal Code are appealable only to this Court. This distinction, it says, is because only the latter involve "matters relating to actions and orders of the Department of Revenue."

We believe appellant's argument distorts the meaning of this clause (b) of §7.4 of the Act of 1895, supra,

as amended by the Act of 1963, supra, 17 P.S. §191.4 (6). While a petition for refund is not as direct an attack on an action of the taxing departments as are a petition for resettlement and, thereafter, a petition for review, it is equally as effective in raising the same issues. If a taxpayer prefers to pay his tax and to submit to the procedural restrictions imposed upon refund proceedings involving corporate taxes (i.e., the finality of the Board's order),[1] there should be no reason to complicate its decision further by providing a different appellate tribunal from that available to hear an appeal from the resettlement-review route. Reasonable application of such well-recognized principles of statutory interpretation that the legislative intent is to be ascertained by considering the consequences of a particular interpretation and the object to be attained and that the legislature does not intend a result that is absurd or unreasonable (see Act of May 28, 1937, P. L. 1019, §§51, 52, 46 P.S. §§551, 552, the Statutory Construction Act) leads us to the conclusion that a petition for refund of state taxes filed pursuant to §503 of The Fiscal Code is a matter relating to an action of the Department of Revenue arising under the provisions of that Code.

Appellant's second argument—that the introductory language to §7.4 which refers to an "appeal from the judgment, order or decree of the lower court . . ." without reference to an administrative agency such as the Board is governed by similar considerations. Moreover, despite appellant's reference to all other classes of cases in §7.4, involving cases which would be subject to litigation in a lower court, we note the provisions of clause (5) referring to actions arising under the banking and building and loan laws. Those deci-

---

[1] However, see Article V, §9, of the Constitution of Pennsylvania, effective January 1, 1969.

sions of the Department of Banking which were not the subject of appeal have always been reviewable by this Court on broad certiorari.[2] *Dauphin Deposit Trust Co. v. Myers*, 401 Pa. 230, 164 A. 2d 86 (1960); *Cement National Bank v. Department of Banking*, 425 Pa. 554, 230 A. 2d 209 (1967).

Therefore, clause (5) either involves the same problem as appears in clause (6) before us in this appeal, or clause (5) refers to something entirely different from the Department of Banking's orders. In either event, the department's decision is not that of a "lower court" and is that of an "administrative agency," yet at the time of enactment of §7.4 we perceive no more intention to change traditional appeal practices under banking appeals than we do under tax appeals.

Therefore, mindful of the ambiguities in the amending Act of 1963, we, nevertheless, are not convinced that the legislature intended to make such substantial changes in appellate jurisdiction in so offhand a fashion. Rather, we believe the statute contemplated a continuation of the traditional procedure whereby tax (and banking) appeals came to this Court. Consequently, appellant's motion to remit is denied.

Having determined that review of the Board's orders lies in this Court, we must note that such review can be had only by compliance with the requirements of our Rule 68½. Under this rule review in the nature of certiorari, broad or narrow, may be had only if granted by this Court following the filing of a petition, not as of right by direct appeal. Appellant filed no such petition with this Court within the thirty day time limit and, therefore, its appeal must be quashed.

---

[2] The Banking Code of 1965, Act of November 30, 1965, P. L. 847, makes this explicit even though its predecessor, the Banking Code, Act of May 15, 1933, P. L. 624, did not. See, e.g., §905(c), 7 P.S. §905(c).

In view of the difficulty of the statutory problem initially reviewed, we would regret this action were it not for the fact that we believe the Board acted properly in refusing appellant's petitions. The bases for the Board's action were that at the time appellant filed its petitions for refund, no court proceedings were pending which permitted appellant to invoke the five year filing periods under §503(a)(4) of The Fiscal Code, supra, 72 P.S. §503(a)(4), and that appellant's subsequent filing of such appeals before the five year periods had expired did not impart a new life to the petitions. We agree with the Board.

The statutory refund provision is quite precise. It lengthens the refund filing period from two years to five years when the ground for the refund is a court decision. It permits the filing of the refund petition even before the court decision is rendered, in fact, so that the taxpayer may protect its rights in the event the decision is favorable to its claim. This early filing privilege may be claimed, however, *"only if, at the time of the filing thereof, proceedings are pending in a court. . . ."* whereby the merits of the situation will be determined. (Emphasis supplied). The Fiscal Code, §503(a)(4), supra.

Here, at the time appellant filed its refund petitions, no court proceedings were pending. Its subsequent filing of such proceedings cannot serve to cure its failure to comply with an explicit statutory requirement. The Commonwealth could have chosen not to allow any refund petitions. Having done so, its conditions precedent to filing such petitions must be complied with strictly. *Calvert Distillers Corporation v. Board of Finance and Revenue*, 376 Pa. 476, 103 A. 2d 668 (1954). Appellant did not do so.

Appeal quashed.

558

Mr. Chief Justice BELL, Mr. Justice JONES, Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.