Commonwealth *v.* Johnson, Appellant.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Joseph Michael Smith* and *F. Emmett Fitzpatrick, Jr.,* for appellant.

*James T. Ranney* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 16, 1973:

This is an appeal from the lower court's order dismissing appellant's Post Conviction Hearing Act[1] petition. We agree with the lower court's disposition of the case, and affirm.

The facts surrounding appellant's conviction are as follows: On May 31, 1970, a robbery took place at a bar in Philadelphia. Appellant was arrested and charged with the crime. At trial, one of the bartenders positively identified appellant as one of the robbers. The judge, who was sitting without a jury, found appellant guilty of aggravated robbery. Consequently, appellant was sentenced to not less than 2 nor more than 8 years in a state correctional institution. No direct appeal was taken, but appellant at a later time filed a Post Convic-

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1973-74).

tion Hearing Act petition. In this petition, which was amended with the aid of counsel, appellant alleged that he was denied effective assistance of counsel; that he did not knowingly and intelligently waive his right to a jury trial; and that certain identification testimony should not have been admitted at trial.[2]

In reviewing appellant's claim of ineffective assistance of counsel "[o]ur task in cases of this nature . . . encompasses both an independent review of the record, . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

In his petition, the appellant alleged that his trial counsel was ineffective because he failed to produce certain persons as witnesses for his alibi defense. However, the record of the hearing on appellant's petition reveals that trial counsel or his associates[3] attempted at various times to reach all of these individuals, but contact was made with only one of them.[4] That person could not personally vouch for appellant's whereabouts on the night of the robbery, but he told them of another possible witness who also could not be located. However, defense counsel was able to stipulate with the prosecution that if one of the alibi witnesses were called she would testify that appellant had been at her residence at the time of the robbery. At trial, this stipulation was entered into evidence.

The record shows that trial counsel made reasonable efforts to reach the alibi witnesses and that appellant's alibi defense was presented by the introduction of the

[2] These issues will be discussed in the same order as mentioned above.

[3] Appellant was represented at trial by the Defender Association of Philadelphia.

[4] Nor has present counsel been able to locate these individuals even with the assistance of a private detective.

4

stipulated alibi statement into evidence. The testimony of the other alleged alibi witnesses would have been, at most, cumulative to that already stipulated. Had counsel asked for a continuance to produce such witnesses, it would not have been error to refuse such continuance. *Commonwealth v. Pennington*, 249 Pa. 536, 95 A. 107 (1915); *Commonwealth v. Roberts*, 163 Pa. Superior Ct. 43, 60 A.2d 397 (1948). Under the circumstances, counsel's decision to proceed with the trial did not show lack of competence.

Appellant also alleged that trial counsel was ineffective because he failed to produce at trial certain prison records which would have shown that appellant was at a detention center and not in the neighborhood of the bar during the months preceding the robbery. Appellant contends that this would have refuted the bartender's identification of him since the bartender had testified that in the few months preceding the robbery he had seen the appellant at the bar and had served him drinks. However, we find that there was a reasonable basis behind trial counsel's decision not to bring these prison records into evidence. *See Commonwealth ex rel. Washington v. Maroney*, supra. First, these records would not have necessarily refuted the bartender's identification of appellant because the records showed that appellant was not confined for 11 days prior to the robbery and, even if the bartender did not see appellant before the robbery, there was ample opportunity during the robbery[5] to observe the appellant and later identify him. *See Commonwealth v. Burton*, 452 Pa. 521, 307 A.2d 277 (1973). Second, the introduction of the prison records into evidence would have shown that appellant had a criminal record. This would have prejudiced the appellant's case and counsel's decision not to introduce the record was clearly justified.

---

[5] The bartender who identified appellant testified that the robbery lasted 5 minutes.

Appellant argues that his trial counsel was ineffective because counsel never explained to him the right to appeal. However, after the appellant was sentenced, it appears on the record that he was advised by trial counsel that he had "a right within thirty days to appeal to the Superior Court . . ." Appellant was also advised that "[t]he State will provide a lawyer . . . for you, and they can have the notes of testimony of this trial transcribed, and every expense will be borne by the State. They will also give you a lawyer to perfect your appeal and to argue it, if you so desire. Do you understand that?" The appellant answered: "Yes." The record forces us to conclude that the appellant was told of his right to appeal with free counsel if he so desired and that appellant did not at that time tell his trial counsel to take such an appeal.

Appellant also contends that he did not knowingly and intelligently waive his right to a jury trial because he was not advised of the possible sentence he faced. As authority for this, appellant cites *Wade v. Wainwright*, 420 F.2d 898 (5th Cir. 1969). However, *Wade* may be distinguished from the present case because there the defendant was tendering a guilty plea. Here, the appellant was not pleading guilty, but only waiving his right to a jury trial so he could be tried by the court. A defendant's awareness of the range of possible sentences that he may receive is relevant to the tendering of a guilty plea, but we find no authority that requires a defendant to be advised of the possible sentences he may receive before he waives his right to a jury trial. We agree with the lower court's finding, which is fully supported by the record, that the appellant was properly advised of his right to a jury trial and knowingly, intelligently, and voluntarily waived it. *See Commonwealth v. Williams*, 222 Pa. Superior Ct. 484, 294 A.2d 909 (1972).

Since appellant did not appeal the judgment of sentence, we would normally not review the alleged errors committed at his trial in this Post Conviction Hearing Act appeal. *See Commonwealth v. Mack,* 451 Pa. 319, 304 A.2d 93 (1973). However, we will consider the alleged trial error now raised by appellant since it was briefed by both parties and answered by the court below. Furthermore, this will preclude any possibility of prejudice resulting from appellant's failure to appeal.

Appellant's final argument is that the court below erred in admitting identification testimony because the identifying witness had been shown several photographs under suggestive circumstances prior to appellant's arrest, and because the police arranged a one-on-one confrontation for this witness when the appellant occupied a prison cell. We find no merit in this argument. At the hearing to suppress the identification, the witness was asked: "Are you identifying him today as the robber because you saw him in a cell or because he was in the bar robbing you?" The witness replied: "He was in the bar robbing me." The witness also testified that there was enough light in the bar to see the robber's face and that he had a good look at the face of the man who robbed him.

In *Commonwealth v. Burton,* supra, it was held that a clear and unobstructed view of the defendant during the commission of the crime established an independent origin for the later identification of the defendant at trial in spite of an earlier one-on-one confrontation. However, in the present case, the witness also testified that he knew the appellant from the neighborhood, knew his nickname, served him drinks at the bar, and even loaned him money. We find that there was a sufficient independent origin upon which to base the witness' identification of appellant. *Commonwealth v. Whiting,* 439 Pa. 205, 266 A.2d 738, *cert. denied,* 400 U.S. 919 (1970).

For the above reasons, the order of the court below is affirmed.

SPAETH, J., concurs in the result.