Union Bank and Trust Company of Eastern Pennsylvania, Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs November 4, 1974, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Norman A. Peil, Jr.,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 26, 1975:

The Union Bank and Trust Company of Eastern Pennsylvania (appellant) filed an appeal on June 5, 1974 from the refusal of the Board of Finance and Revenue (Board) to rehear appellant's earlier and re-

jected petitions for refund of bank shares tax paid by it for 1969 and 1970. On October 21, 1974, the Commonwealth of Pennsylvania filed a motion to dismiss the appeal and by order of November 4, 1974 the parties were directed to submit briefs relative to the pending motion to quash.

Appellant is a state-chartered bank and trust company which, for the years 1969 and 1970, was taxable under the provisions of Section 1 of the Act of June 13, 1907, P. L. 640, *as amended,* Acts of December 29, 1967, P. L. 910, §1, and December 31, 1969, P. L. 430, §1.[1] These provisions subjected appellant to paying a bank shares tax. Following payment and resettlement of the taxes for the years in question, appellant, on March 19, 1973, filed petitions for refund, pursuant to Section 503 (a) (1) of The Fiscal Code, Act of April 9, 1929, P. L. 343, *as amended,* 72 P.S. §503 (a) (1) (Supp. 1974-1975). These petitions were refused by the Board of Finance and Revenue on November 28, 1973 for the reason that they were filed more than one year after (1) the payment of the taxes for which refund was sought and (2) the settlement of such taxes.

On May 2, 1974, appellant filed a petition for rehearing of these rejected petitions for refund of the bank shares tax paid in 1969 and 1970. On May 9, 1974, the Board refused to grant rehearing, and these appeals followed.[2]

On July 1, 1974, appellant filed petitions for refund for the years 1969 and 1970, asserting that these petitions were filed in conformity with the provisions of

---

[1] This section was repealed by the Act of March 4, 1971, P. L. 6, art. VIII, §805.

[2] Not raised or decided here is the question of whether or not the action of the Board in denying rehearing is reviewable on appeal. *See Merrick Estate,* 432 Pa. 450, 247 A. 2d 786 (1968) ; *Baily Petition,* 365 Pa. 613, 76 A. 2d 645 (1950).

Section 503(a)(4) of The Fiscal Code, 72 P.S. §503 (a)(4).

Appellant concedes in its submitted brief that it did not comply with the provisions of Section 503(a)(1). The brief states as follows: "The petitions for refund for two taxable years involved were not filed by Appellant's officers within the one year period specified in Section 503(a)(1). Appellant also concedes that it did not file the petitions for refund which are the basis for this action at a time when proceedings were pending in a court wherein the claim of erroneous interpretation of the taxing statute made in the petition could be established."

However, appellant contends that it is appealing to this Court on the basis that an erroneous interpretation of a taxing statute has been made and that it is incumbent upon us to determine the merits of whether or not it has complied with the applicable sections of The Fiscal Code and whether or not the statute in question has been erroneously interpreted.

We deem this case controlled by *Finance Company of Pennsylvania v. Board of Finance and Revenue*, 433 Pa. 549, 252 A. 2d 374 (1969), which held that when, as here, at the time appellant filed its petitions for refund, no court proceedings were pending, the appellant was not permitted to invoke the five-year filing periods under Section 503(a)(4) of The Fiscal Code. The Supreme Court in that case stated the following which is equally applicable in the instant case:

"The statutory refund provision is quite precise. It lengthens the refund filing period from two years to five years when the ground for the refund is a court decision. It permits the filing of the refund petition even before the court decision is rendered, in fact, so that the taxpayer may protect its rights in the event the decision is favorable to its claim. This early filing privilege may be claimed, however, 'only if, at the time of the

filing thereof, *proceedings are pending* in a court...'
whereby the merits of the situation will be determined.
(Emphasis supplied.) The Fiscal Code, §503(a)(4), su-
pra.

"Here, at the time appellant filed its refund peti-
tions, no court proceedings were pending. . . . The Com-
monwealth could have chosen not to allow any refund
petitions. Having done so, its conditions precedent to
filing such petitions must be complied with strictly.
Calvert Distillers Corporation v. Board of Finance and
Revenue, 376 Pa. 476, 103 A. 2d 668 (1954). Appellant
did not do so." 433 Pa. at 557, 252 A. 2d at 377.

The appellant's petitions for refund or appeals from
the Board of Finance and Revenue's refusal to grant
rehearing of previously rejected petitions for refund can-
not be substituted for or equated with proceedings
whereby the merits will be determined. The appellant's
recourse was to petition the Board to review the re-
settlement of the taxes for the years in question and, if
not satisfied with the Board's ruling, to appeal there-
from.[3] The failure to so proceed resulted in there not
being pending court proceedings at the time appellant
filed its petitions for refund and subjects this case to
the application of the holding in *Finance Company v.
Board of Finance and Revenue, supra.*

Appellant cannot bootstrap itself into a "proceed-
ings are pending" situation by filing two sets of peti-
tions for refund. Its argument that the first set of pe-
titions for refund raises for determination the merits of
the situation and the second set of petitions for refund
brings into play the provisions of Section 503(a)(4) of
The Fiscal Code is erroneous and without merit.

---

[3] See Sections 1102-04 of The Fiscal Code, 72 P.S. §§1102-04
(Supp. 1974-1975).

## Order

Now, this 26th day of February, 1975, the Commonwealth of Pennsylvania's motion to quash is granted, and the appeal of the Union Bank and Trust Company of Eastern Pennsylvania from the May 9, 1974 refusal of the Board of Finance and Revenue to grant rehearing is dismissed.