## Commonwealth v. Clayton

*John W. Packel*, for defendant.
*Kenneth S. Gallant*, for the Commonwealth.

KATZ, *J.*, September 22, 1980—On July 2, 1980, Denise Clayton, a/k/a Denise Fryer, was tried by this court without a jury. She was found guilty of violating 18 Pa.C.S.A. §3929 (Retail Theft) and sentence was deferred until October 9, 1980. No post-trial motions were filed on her behalf. Nevertheless, upon reflection and analysis, this

court is constrained to, and hereby does, grant a new trial sua sponte for reasons stated below.

It is a basic tenet of the law that a defendant is presumed innocent until proven guilty and, pursuant to this presumption, that a defendant's past convictions, with limited exceptions not here applicable, cannot be introduced prior to or at a trial as this could prejudice the jury (or the judge sitting as a jury): Commonwealth v. Faison, 437 Pa. 432, 264 A. 2d 394 (1970). By way of stipulation with defense counsel prior to the start of the trial proper, the Commonwealth in the instant case introduced before the court evidence of two prior retail theft convictions of defendant. Since that evidence had no bearing on guilt, not being an element of the offense but only information useful for grading purposes in the event of a conviction, its introduction was so prejudicial as to warrant the granting of a new trial.* See, Commonwealth v. Allen, 448 Pa. 177, 292 A. 2d 373 (1972).

The offense for which this defendant was charged is defined as follows:

"§ 3929. Retail theft

(a) Offense defined.—A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any

---

*In his post-verdict memorandum of law to the court justifying his introduction of defendant's prior convictions, the assistant district attorney states that it would be inappropriate for the court to disallow the introduction after the verdict where no objection was raised at trial. In fact, defense counsel did register a weak protest at the time the assistant district attorney first put the fact of two prior convictions on the record. The issue of whether defense counsel's subsequent retreat by his stipulation alters the impropriety of the introduction is addressed below.

merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

(2) alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishement and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise;

(3) transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof; or

(4) under-rings with the intention of depriving the merchant of the full retail value of the merchandise.

(b) Grading.—

(1) Retail theft constitutes a:

(I) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

(II) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

(III) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

(IV) Felony of the third degree when the offense

is a third or subsequent offense, regardless of the value of the merchandise.

(2) Amounts involved in retail thefts committed pursuant to one scheme or course of conduct, whether from the same store or retail mercantile establishment or several stores or retail mercantile establishments, may be aggregated in determining the grade of the offense."

18 Pa.C.S.A. §3929(a)(1)(2)(3) and (4) are substantive crimes; that is, 18 Pa.C.S.A. §3929 (a)(1)(2)(3) and (4) define the *elements* of the crime of retail theft while 18 Pa.C.S.A. §3929(b)(1)(I)(II)(III)(IV) and (2) are concerned with the *grading* of the offense. It is not necessary for the trier of fact to know the *grading* of the *substantive* offense in order to convict or acquit defendant and jurors are instructed to ignore the penalties in their deliberations, Pennsylvania Suggested Standard Jury Instruction (Crim), ·2.06(1).

Further, 18 Pa.C.S.A. §3929(g) provides that before permitting a defendant to plead guilty to or be tried before him as the summary offense of retail theft, the presiding district justice shall run a "records check" to determine if this is defendant's first offense. If it is a first offense, the trial (or plea) would proceed with no prejudice to defendant—in fact the status of defendant might even be *enhanced*. If, however, the "records check" determined the offense not to be defendant's first, the district justice would then "hold for court" (or preparation of bills of information) so that in either event he would not be the trier of fact with prejudicial knowledge of prior offenses. 18 Pa.C.S.A. §3929(g) states that, "The district justice shall use the information obtained (record of prior retail theft

offenses) solely for the purpose of grading the offense pursuant to subsection (b)."

A converse situation was presented in the case of Com. v. Dickinson, 70 Berks 105 (1978). There defendant argued that since the jury had not been presented with any evidence of his prior retail theft convictions (even though the bill(s) of information alleged that this was in excess of his first offense) he could not be sentenced to the "higher" *grading* of 18 Pa.C.S.A. §3929 since the jury did not convict him of the higher *grade* but "merely" convicted him of retail theft (presumably "generally"). That court correctly saw the issue as being ". . . whether or not prior conviction is an essential *element* (emphasis added) or retail theft when the information alleges a prior conviction . . ." at page 106. The Dickinson case, supra, citing the opinion of Judge Louis Levinthal in Com. v. Boyer, 37 D. & C. 81 (Q.S. of Phila. Co., Pa. 1940) as well as Com. v. Koczwara, 397 Pa. 575, 155 A. 2d 825 (1959), McDonald v. Massachusetts, 180 U.S. 311, 313 (1901) and Graham v. West Virginia, 224 U.S. 616, 624 (1912) held that proof of prior conviction *at trial* was *not* an essential element of the offense.

In Koczwara, supra, a liquor code violation case (with a "second offender" provision), Mr. Justice Cohen, speaking for the majority, enumerates the correct procedure to be followed as:

"(1) The indictment must contain an averment of such conviction and sentence.

(2) Where there is no averment of a former convictim in the information, the Grand Jury may of its own motion, make such presentment in the indictment.

(3) In the trial of the substantive offense, the Commonwealth may not submit evidence of the

former conviction, unless the former conviction may be put in evidence to affect his credibility, or the defendant has put his character or reputation in evidence, and that the original indictment, with the averment of former conviction, should not be sent out to the jury, but that an exact copy, with the exception of such averment, may be.

(4) After conviction on the substantive averment, the District Attorney should present in writing, a suggestion to show cause why the enlarged sentence should not be imposed, to which the defendant may answer." Id., at 587.

This rule is in accord with English Common Law wherein it was established by statute that, although the fact was alleged in the indictment, the evidence of the former conviction should not be given to the jury until they had found their verdict on the charge of the crime. The Act of 6 and 7 Will. IV, c. 111, provided that it should "not be lawful on the trial of any person for any such subsequent felony to charge the jury concerning such previous conviction until after they shall have inquired concerning such subsequent felony, and shall have found such person guilty of same; and whenever in any indictment such previous conviction shall be stated, the reading of such statement to the jury as part of the indictment shall be deferred until after such finding as aforesaid."

"Second (or more) offender" statutes such as 18 Pa.C.S.A. §3929 must be contrasted to, and should not be confused with those statutes such as 18 Pa.C.S.A. §2703—Assault by Prisoner, 18 Pa.C.S.A. §2704—Assault by Life Prisoner, 18 Pa.C.S.A. §5121—Escape or 18 Pa.C.S.A. §6105—Former convict not to own a firearm. In a trial on these charges, the prior conviction is, by definition, a *substantive* element of the crime.

Following trial, this court asked the assistant district attorney representing the Commonwealth to submit a memorandum of law regarding the admissibility of prior convictions of retail theft during the case in chief of a retail theft prosecution. The assistant district attorney confirms in his memorandum that a prior conviction for retail theft is not an element of that crime, and that proof is not required at trial, citing Com. v. Young, 280 Pa. Superior Ct. 393, 421 A. 2d 779 (1980). Nevertheless, he informs the court, without citation, that where the defense stipulates to the introduction of prior convictions, "there can be no issue as to the propriety of the evidence." The assistant district attorney would have the court believe that its hands are tied any time counsel for the defense and the Commonwealth act in concert so as to strip away defendant's fundamental presumption of innocence. Fortunately, the Pennsylvania Supreme Court recognized long ago that the court has the power, even in civil matters, to avoid such unjust results.

[W]hile the assent of the court to agreements of counsel, affecting the proceedings, is assumed until its dissent therefrom is indicated, yet, of course, the court can always refuse to sanction such agreements, when right and justice so require; and, to reach these ends, it has the power to change what appears upon the record of a prior ruling, particularly where, as here, it is done within the term: McLeod v. Hyman, 272 Pa. 582, 586, 116 A. 535, 536 (1922).

The assistant district attorney argues that a judge trying a case without a jury can disregard evidence which might tend to prejudice him by giving himself an appropriate instruction to disregard the evidence. This position overlooks the fact

that a judge is subject to strict standards regarding even the appearance of prejudice: Com. v. Goodman, 454 Pa. 358, 311 A. 2d 652 (1973). The Goodman court held that the trial judge erred by refusing upon request to recuse himself where he had presided over pre-trial proceedings in which prejudicial information otherwise inadmissible during the trial was reviewed: Id. at 361, 311 A. 2d at 655. See also, ABA § 1.7 Standards Relating to the Function of the Trial Judge; Canons 2 and 3C(1), Pennsylvania Code of Judicial Conduct (Final Draft 1972). The issue before the court in the instant retail theft case was one of defendant's credibility. Disclosure of defendant's two prior convictions on retail theft charges inherently prejudices the resolution of that issue, regardless of the court's resolve to disregard the disclosure.

Finally, this court must address the issue of defendant's knowledge of retail theft grading consequences at the time of her on-the-record colloquy to waive a jury trial. Indeed, the assistant district attorney took the opportunity in this case to inform defendant during that colloquy of the statutory sentences set out for each level of retail theft pursuant to Crimes Code Section 3929. The assistant district attorney couched this information in terms of the sentence defendant could have received for each of *her* prior convictions. Upon reflection, this court finds that such information is not only unnecessary, but it is ill-advised. Pennsylvania Rules of Criminal Procedure, Rule 1101, does not require a defendant to be advised of such information. Further, the Superior Court holds that a defendant's awareness of the possible sentences he may receive is relevant only to the tender of a guilty plea, and not to the waiver of his rights to a jury trial: Com. v. Johnson, 226 Pa. Superior Ct. 1, 5, 311

A. 2d 694, 697 (1973). If either counsel or the court feels compelled to advise a defendant of potential sentences, he can do so merely by reading Section 3929(b)(1) *without* reference to the fact of prior convictions.

Accordingly, for the reasons set forth above, the court's verdict of guilty on Bill No. 1816 is vacated and a new trial is ordered.

## SUPPLEMENTAL OPINION

KATZ, *J.*, July 1, 1981—On October 21, 1980, the Commonwealth filed an appeal to the Superior Court of this court's order of September 22, 1980. The Commonwealth complied with this court's order of November 20, 1980 by filing a statement of matters complained of pursuant to Rule of Appellate Procedure 1925(b). In addition to those issues addressed in this court's memorandum opinion filed September 22, 1980 in support of its order granting a new trial, the Commonwealth raises the issues of harmless error and the trial court's authority to grant a new trial following conviction on its own motion. Accordingly, this supplemental opinion addresses those issues.

The prejudice created by admission of defendant's prior record at the beginning of her trial should not be found to be harmless error. On appeal, the standard by which harmless error is determined is whether the appellate court is convinced beyond a reasonable doubt that the error could not have contributed to the verdict: Com. v. Story, 476 Pa. 391, 383 A. 2d 155 (1978). The single issue before the trial court as factfinder in this case was the credibility of the witnesses. Defendant did not dispute the evidence that she possessed a pair of sunglasses from the store which she had not pur-

chased at the time the manager stopped her. Instead she took the stand to state that she intended to pay for them before she left Wanamakers, in contradiction to the testimony of the Commonwealth's main witness, the section manager. The Commonwealth had already incorporated evidence of defendant's record of two prior retail theft convictions in its case in chief. At the time of its verdict this court stated on the record that it resolved the single issue of credibility in favor of the Commonwealth based on all the evidence on the record. Reasonable doubt is certainly raised that knowledge of defendant's prior retail theft record did not contribute to the factfinder's resolution of the credibility issue against defendant and in favor of the Commonwealth witness.

The Commonwealth argues that the trial court does not have the authority to order a new trial sua sponte following a guilty verdict when the stated error was not adequately raised by objection at trial and is not raised by defendant by written post verdict motion. Such an argument ignores the express language of Rule 1123 of the Pennsylvania Rules of Criminal Procedure governing post verdict action by the trial court and the spirit of post verdict review as enunciated by the Pennsylvania Supreme Court. Rule 1123(a) provides:

(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions

may be argued. If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

The Pennsylvania Supreme Court interprets the purpose of post verdict review as follows:

The post-verdict review was developed in recognition of the stress and pressures surrounding trial rulings. Its purpose was to provide a more objective setting for review of disputed trial rulings prior to the commencement of appellate review. As we have noted, 'if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review.' Com. v. Clair, 458 Pa. 418, 421 A. 2d 272 (1974). Com. v. Waters, 477 Pa. 430, 384 A. 2d 234 (1978).

At trial in this case, defense counsel cryptically raised objection to the district attorney's statements introducing defendant's prior record by stating that is was "unnecessary" for the Commonwealth to introduce defendant's entire record at that point in the trial. This court more specifically raised the question of whether admission of defendant's prior record of retail theft convictions was relevant or fair at the beginning of her trial on retail theft charges. Receiving no argument or request for ruling on the point from defense counsel, this court gave itself a cautionary instruction on the record by informing defendant at the time of the waiver colloquy that the court would not let the knowledge of those convictions influence its findings of guilt or innocence. Nevertheless, upon review of the evidence and issues in the trial as the trial unfolded, this court recognized the inherently prejudicial nature of the initial admission of de-

fendant's prior record. At sidebar following trial, this court asked the assistant district attorney to submit a memorandum of law supporting the Commonwealth's position that evidence of a defendant's prior retail theft convictions is admissible at trial as a substantive element of the crime of retail theft. Upon review of that memorandum and following further research regarding the issues of stipulation and waiver colloquy (See, memorandum opinion filed September 22, 1980), this court concluded that the interests of justice required a new trial for this defendant. Defense counsel did not file post-verdict motions within the period prescribed by Rule 1123. Accordingly, this court proceeded to save the litigants and the court's further post-conviction review by so ordering a new trial on its own motion. This court showed cause for its order by filing a memorandum opinion to accompany its order of September 22, 1980, in which it supported its finding that the admission of defendant's prior record of retail theft conviction violated defendant's right to a fair trial. This action responds directly to the objectives of Rule 1123, as stated in Waters, supra, to the extent that the Rule is applicable in this case.

This is not a case where the post-verdict court undertook to consider and decide issues sua sponte in order to preserve them in behalf of defense counsel for appellate review. Cf., Com. v. Twiggs, 485 Pa. 481, 402 A. 2d 1374 (1979). Thus, the purpose for which Rule 1123(a) requires specific, written post-verdict motions is not defeated by this court's action. Counsel apparently had no desire to preserve any issues for appeal in this case, wherein lay this court's duty to act where the ends of public justice would otherwise be defeated by counsel's inaction.

Further, it cannot be found that defendant has voluntarily and knowingly waived her right to have the court consider errors in the trial following verdict because her counsel failed to file post-verdict motions. Again, this is not a case like Com. v. Twiggs, supra, where defense counsel failed to file written post-verdict motions on specific issues which he subsequently asked the Superior Court to consider. (402 A. 2d at 1376) Here, trial counsel neither filed post verdict motions nor a notice of appeal on behalf of his client in this case, although he remained counsel of record until after this court ordered a new trial.[1]

The Pennsylvania Supreme Court has long held that counsel's action can never bind his client when these actions are unmotivated by any reasonable tactical choice: Com. v. Cheeks, 429 Pa. 84, 239 A. 2d 389 (1968). In this case, counsel was present when this court stated that it made its finding of guilt against counsel's client by resolving the sole issue of credibility upon review of *all* the evidence admitted at trial. By conducting a minimum of research following trial, defense counsel could have come to the same conclusion as did this court regarding the inadmissibility of defendant's record of prior retail theft convictions. When available state procedure is ignored by counsel for no apparent tactical reason,[2] waiver of such remedies cannot be

1. This court granted trial counsel's motion to withdraw as counsel for defendant on November 21, 1980.

2. Trial counsel's non-tactical reasons may be inferred by the opening exchange between the court and defense counsel on the record:

"MR. WATSON: Your Honor, this would be a waiver. Would Your Honor also consider an oral motion of lack of probable cause? I might just state categorically we would like to incorporate by reference.

imputed to his client: Cheeks, supra, 429 Pa. at 97, 239 A. 2d at 393.

In the context of a trial court's authority to declare a mistrial sua sponte pursuant to Pennsylvania Rules of Criminal Procedure 1118(b), the Pennsylvania Supreme Court has ruled:

[A]lthough acts of a defendant and his counsel most definitely influence this Court's determination of reviewable error, the question of whether the ends of justice are served is a determination solely for the Court, which determination is not necessarily affected by the inter-position of motions by the defendant or his attorney. The trial court was [by declaring mistrial] insuring that appellant would receive a trial by a fair and impartial jury which would return a verdict based solely on evidence adduced at trial: Com. v. Stewart, 456 Pa. 447, 453, 317 A. 2d 616, 619 (1974).

The trial court retains jurisdiction of a case between the time of conviction and sentencing. The same policy considerations which exist during trial exist following trial but before sentencing when the trial court determines that the defendant before it has not received "a trial before a fair and impartial jury which would retain a verdict based solely on evidence adduced at trial." As the court in Stewart, supra, has recognized,

. . . This is an interest which is to be protected not only for defendants, but also for the public, which

---

THE COURT: Mr. Watson, the motions have to be filed within the prescribed period of time.

MR. WATSON: I understand that.

THE COURT: How long have you represented this defendant?

MR. WATSON: *Too long*. (Emphasis supplied.)

has a compelling interest in justice for all. Id., 456 Pa. at 453, 317 A. 2d at 619-20.

For the foregoing reasons, it is the opinion of this court that the judgment of sentence should be affirmed.